SALVATORE CONSIGLIO *v.* WARDEN, STATE PRISON

KING, C. J., MURPHY, ALCORN, SHANNON and COTTER, Js.

Argued April 7—decided May 25, 1966

*Arnold M. Schwolsky,* special public defender, with whom, on the brief, was *George Browne,* for the appellant (plaintiff).

*David B. Salzman,* assistant state's attorney, with whom, on the brief, was *George R. Tiernan,* state's attorney, for the appellee (defendant).

KING, C. J.  This is an action of habeas corpus instituted by Salvatore Consiglio, a prisoner in the state prison, alleging a violation of his constitutional rights arising out of the state's failure to provide him with counsel at a hearing before the sentence review division of the Superior Court, hereinafter referred to as the review division.

On February 13, 1959, the plaintiff herein, who then and throughout his trial was represented by the public defender, was sentenced by the Superior Court, after being convicted of twenty-six counts of statutory burglary, and as a third offender, to imprisonment for not less than nine nor more than thirty years.  Thereafter, he applied for a review of

that sentence by the review division, which, after a hearing at which he was not represented by counsel, ordered that his minimum sentence be increased from nine to eleven years. On March 4, 1960, he was resentenced, pursuant to that order, under General Statutes § 51-196.

Over four years later, in June, 1964, the plaintiff instituted this action of habeas corpus. The trial court, after a hearing, held that the plaintiff had not been entitled to have counsel appointed to represent him before the review division, and it denied the habeas corpus petition.

Under the fourteenth amendment to the federal constitution, an indigent defendant in a criminal trial in a state court has a right to have counsel appointed to represent him in accordance with the decisions of the United States Supreme Court in *Gideon* v. *Wainwright,* 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799, and *Douglas* v. *California,* 372 U.S. 353, 83 S. Ct. 814, 9 L. Ed. 2d 811. These decisions have been given retrospective effect. *Smith* v. *Crouse,* 378 U.S. 584, 84 S. Ct. 1929, 12 L. Ed. 2d 1039; *Doughty* v. *Maxwell,* 376 U.S. 202, 84 S. Ct. 702, 11 L. Ed. 2d 650; *United States ex rel. Durocher* v. *LaVallee,* 330 F.2d 303 (2d Cir.), cert. denied, 377 U.S. 998, 84 S. Ct. 1921, 12 L. Ed. 2d 1048. This right to counsel exists at every critical stage of a criminal trial. *White* v. *Maryland,* 373 U.S. 59, 60, 83 S. Ct. 1050, 10 L. Ed. 2d 193; *Hamilton* v. *Alabama,* 368 U.S. 52, 54, 82 S. Ct. 157, 7 L. Ed. 2d 114; *People* v. *Sykes,* 23 App. Div. 2d 701, 258 N.Y.S.2d 275.

The statutes which establish the punishments for most crimes set wide permissible limits, and under the Indeterminate Sentence Act (General Statutes § 54-121) the trial court determines, within those

limits, the maximum and minimum sentence to be imposed in each particular case. The court may, and in some cases must, order a presentence report by a probation officer. General Statutes § 54-109. Arguments may be presented by the state's attorney and by counsel for the accused, pointing out facts and circumstances bearing on the extent of the punishment to be imposed. The severity of the punishment may well be influenced by these arguments. Thus, the sentencing process is a critical stage of a criminal trial. See *Carter* v. *Illinois,* 329 U.S. 173, 178, 67 S. Ct. 216, 91 L. Ed. 172. Consequently, an indigent defendant is entitled to the assistance of appointed counsel at the time of sentencing. *Townsend* v. *Burke,* 334 U.S. 736, 740, 68 S. Ct. 1252, 92 L. Ed. 1690; *Gideon* v. *Wainwright,* supra. Cases on this point decided prior to the *Gideon* and *Douglas* cases are collected in an annotation in 20 A.L.R.2d 1240. Cases subsequent to the *Gideon* and *Douglas* cases may be found in 3 Later Case Service, p. 288.

Under Connecticut criminal procedure, after the imposition of sentence by the trial court, one who has been sentenced to imprisonment for one year or more may apply for a review of that sentence by the review division. General Statutes § 51-195. Upon such an application, the review division, after a hearing, is empowered to affirm, reduce, or increase the sentence imposed by the trial court. General Statutes § 51-196. This process has been likened to a limited appeal, restricted to a redetermination of the punishment which should be imposed. *Kohlfuss* v. *Warden,* 149 Conn. 692, 697, 183 A.2d 626. The review division, after hearing, may substitute a discretionary decision of its own for a discretionary decision of the trial court. Thus,

the process in a sense is an optional de novo hearing as to the punishment to be imposed.[1]  If the original sentence is changed by the review division, a resentencing, to effectuate that change, thereafter takes place under General Statutes § 51-196.

A hearing before the review division, like the original imposition of sentence after ascertainment of guilt, constitutes a critical stage of the sentencing procedure.  The plaintiff was entitled under the federal constitution to "the guiding hand of counsel" at that hearing.  *Powell* v. *Alabama,* 287 U.S. 45, 69, 53 S. Ct. 55, 77 L. Ed. 158; *Hamilton* v. *Alabama,* 368 U.S. 52, 54, 82 S. Ct. 157, 7 L. Ed. 2d 114.  Indeed it is likely that the plaintiff, had he been represented by counsel before the review division, would have been persuaded to withdraw his application instead of pursuing it to a final conclusion and thereby running the risk of the increase in sentence which he in fact received.

Where the assistance of counsel is a constitutional requisite, the right to be furnished counsel does not ordinarily depend upon a request.  *Carnley* v. *Cochran,* 369 U.S. 506, 513, 82 S. Ct. 884, 8 L. Ed. 2d 70, and cases cited; *Doughty* v. *Sacks,* 175 Ohio St. 46, 191 N.E.2d 727, rev'd per curiam, sub. nom. *Doughty* v. *Maxwell,* 376 U.S. 202, 84 S. Ct. 702,

---

[1] The entire sentence review procedure is sufficiently a part of the original trial so that representation in sentence review proceedings, including any resentencing made necessary by the action of the review division, falls within the duty assumed by the attorney of record who represented the accused at the trial and the original sentencing.  Practice Book § 484.  The trial court should not, except for exceptional reasons, excuse the attorney of record from these duties by granting leave to withdraw his appearance as counsel under Practice Book § 44.  When an accused is represented at the trial by the public defender, or an assistant public defender, the duty of representation in sentence review proceedings, of course, devolves on the office of the public defender.

11 L. Ed. 2d 650. And when an indigent defendant appears without counsel under circumstances in which he is constitutionally entitled to counsel under the rule of cases such as *Gideon* v. *Wainwright,* 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799, and *Douglas* v. *California,* 372 U.S. 353, 83 S. Ct. 814, 9 L. Ed. 2d 811, it is the duty of the court or the review division to inform the defendant of his right to have counsel appointed for him. Cases on this point decided prior to the *Gideon* and *Douglas* cases are collected in an annotation in 3 A.L.R.2d 1003, while cases subsequent to the *Gideon* and *Douglas* cases may be found in 1 Later Case Service, p. 284.

Of course, the state is not required to force counsel upon an accused who does not want counsel. *Moore* v. *Michigan,* 355 U.S. 155, 161, 78 S. Ct. 191, 2 L. Ed. 2d 167. But in such a situation, it should affirmatively appear of record, and preferably not merely in a stenographic transcript, that the accused was offered counsel and that he rejected the offer and thereby waived his right to counsel. *Carnley* v. *Cochran,* supra, 515. This is true, of course, in proceedings before the review division.

In the first instance, the state has the burden of proving that an offer of counsel was made and rejected. *Carnley* v. *Cochran,* supra. Thereupon, it becomes the burden of the defendant to show that the rejection was not intelligently and understandingly made and did not, therefore, constitute a waiver. *Carnley* v. *Cochran,* supra, 516; *Moore* v. *Michigan,* supra.

Cases such as *United States* v. *Cone,* 354 F.2d 119 (2d Cir.), and *United States* v. *Robinson,* 354 F.2d 109 (2d Cir.), relied on by the defendant, are concerned with the right to counsel during police questioning, after arrest but prior to trial. They

have nothing to do with the right to counsel during an integral, even though optional, part of a post conviction sentencing procedure, which is what is involved in the instant appeal.

Because the court below felt that the plaintiff was not entitled to be provided with counsel before the sentence review division in any event, it made no finding as to whether he was tendered, and refused, counsel. But that the services of counsel were not tendered to him is clear from the statement in the court's memorandum of decision that "[n]o provision is made for appointment of counsel in proceedings before the [sentence review] division." Thus, it would be a useless waste of the judicial machinery to remand this habeas corpus action in order to obtain a direct finding as to tender and waiver of counsel. See cases such as *Wilson* v. *Harris,* 351 F.2d 840, 842 (9th Cir.).

For the foregoing reasons, the plaintiff is entitled to have set aside the order of the review division entered after a hearing at which the plaintiff herein was not represented by counsel. A similar result was reached in the United States District Court for the District of Connecticut (*Clarie, J.*) in *United States ex rel. Kohlfuss* v. *Reincke,* 254 F. Sup. 440, 445. Subsequently, on January 18, 1965, the judgment was modified because of a change of circumstances. *United States ex rel. Kohlfuss* v. *Reincke,* 254 F. Sup. 440, 446, 447 (D. Conn.); see *State* v. *Kohlfuss,* 152 Conn. 625, 632, 211 A.2d 143. The plaintiff is also entitled to a judgment setting aside the sentence of March 4, 1960, which was a direct consequence of the invalid order of the review division, and to be resentenced so as to reinstate the original sentence of February 13, 1959. General Statutes § 52-470; *Fredericks* v. *Reincke,* 152 Conn.

501, 506, 208 A.2d 756. He will then be entitled to apply for a review of that sentence, under, and in accordance with the provisions of, General Statutes § 51-195, if he chooses, with the aid of counsel's advice, again to have a hearing by the review division. It is important to bear in mind that the infirmity in the proceedings does not reach back to, or affect, the original sentence. Consequently, the plaintiff is entitled to nothing more than (1) to be returned to the position he was in immediately after imposition of the original sentence and (2) thereafter to be given an opportunity for a de novo hearing, with the aid of counsel, before the review division. See *Fredericks* v. *Reincke,* supra.

It is unnecessary to consider any of the plaintiff's other claims of error.

There is error, the judgment is set aside and the case is remanded with direction to render judgment discharging the plaintiff from custody under the mittimus issued in conformity with the increased sentence imposed pursuant to the order of the Review Division of the Superior Court, but under no other mittimus, unless, within a reasonable time, the review division sets aside its order for an increase in the plaintiff's sentence and thereafter the Superior Court renders judgment vacating the sentence of March 4, 1960, entered under General Statutes § 51-196 pursuant to the original order of the review division and reinstating the original sentence of February 13, 1959, with an appropriate mittimus reflecting the reinstated sentence, and with the right in the plaintiff, if he chooses, with the aid of counsel, thereafter to have a review of the reinstated sentence in accordance with, and subject to, the provisions of General Statutes § 51-195.

In this opinion the other judges concurred.