JOSEPH P. CROTEAU, petitioner.

Suffolk.  February 5, 1968. — March 5, 1968.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Practice, Criminal,* Sentence, Assistance of counsel.  *Constitutional Law,*
Assistance of counsel.

A defendant in a criminal case appealing to the Appellate Division of the
Superior Court for a review of his sentence under G. L. c. 278, § 28B,
was entitled under the Sixth Amendment of the Federal Constitution
to be represented by counsel at the hearing by the Appellate Division,
and an increased sentence substituted by the Appellate Division after
the defendant had been heard by it without counsel in accordance with
its then practice was invalid and must be set aside.

PETITION filed in the Supreme Judicial Court for the
county of Suffolk on February 9, 1966.

The case was reserved and reported by *Kirk,* J.

*Chester C. Paris (Samuel H. Brenner* with him) for the
petitioner.

*Brian E. Concannon,* Special Assistant Attorney General,
for the Commonwealth.

KIRK, J.  The single justice reserved and reported with-
out decision this petition for a writ of habeas corpus on the
petition, the return, the transcript of evidence of a hearing
before him, and his findings of fact.  Croteau contends that
he was denied due process of law when the Appellate Divi-
sion of the Superior Court for the review of sentences (G. L.
c. 278, § 28A) while he was without counsel increased his
sentence.  We summarize the facts as found by the single
justice.

In 1957, Croteau was indicted on a charge of assault with
intent to murder while armed with a dangerous weapon, to
wit, a "sawed-off shotgun."  He pleaded not guilty to the
indictment.  He was represented by counsel.  During his
trial and after consulting counsel, he changed his plea to

guilty. On October 17, 1957, the trial judge imposed a
sentence of not less than five nor more than eight years,
along with a lesser sentence on another indictment to run
concurrently. Croteau was notified of his right to appeal
his sentence to the Appellate Division of the Superior Court,
but at first elected not to do so. On November 5, however,
he requested leave to file a late appeal which was granted.
The Appellate Division amended the original sentence by
substituting a sentence of not less than twelve nor more
than fifteen years.

Croteau's hearing before the Appellate Division took
place prior to the adoption of S. J. C. Rule 3:10, 351 Mass.
791, formerly Rule 10 of the General Rules, as amended.
At the time of his hearing, it was the practice in the Appel-
late Division not to hear counsel for either the prosecution
or the person convicted. The jurisdiction of that body was,
and is, limited to a review of the sentence imposed. G. L.
c. 278, § 28B. This practice was based on the belief that
the propriety of the sentence imposed could best be deter-
mined by face-to-face confrontation with the prisoner, un-
affected by advocacy for either side. In this way, a pris-
oner's attitude, prior record, probation report and chance
of rehabilitation could best be judged. Croteau received
such a hearing without counsel before his sentence was in-
creased. At the time of his appeal, Croteau knew that his
sentence could be increased by the Appellate Division. A
later request for a rehearing by the Appellate Division was
denied.

Croteau's argument is based on several cases decided by
the Supreme Court of the United States holding that the
Sixth Amendment, which is made applicable to the States
by the Fourteenth Amendment, requires that an accused be
permitted counsel at every "critical stage" of the proceed-
ings against him. *Townsend* v. *Burke, Warden,* 334 U. S.
736 (sentencing). *Chessman* v. *Teets, Warden,* 354 U. S. 156
(settling record for appeal). *Hamilton* v. *Alabama,* 368
U. S. 52 (certain forms of arraignment). The preceding

cases were decided under the rule in *Betts* v. *Brady, Warden,* 316 U. S. 455.    *Gideon* v. *Wainwright,* 372 U. S. 335 (trial). *White* v. *Maryland,* 373 U. S. 59 (preliminary hearing in certain circumstances).    *Escobedo* v. *Illinois,* 378 U. S. 478. *Miranda* v. *Arizona,* 384 U. S. 436 (when suspicion focuses upon an individual).    *United States* v. *Wade,* 388 U. S. 218. *Gilbert* v. *California,* 388 U. S. 263 (lineup).    *Mempa* v. *Rhay, Penitentiary Superintendent,* 389 U. S. 128 (revocation of probation or deferred sentencing).    See *Douglas* v. *California,* 372 U. S. 353 (Appeal.   Based on the Equal Protection Clause); *In re Gault,* 387 U. S. 1 (nonadversary juvenile delinquency proceeding).    The rationale underlying all of the cases cited and in particular the considerations which led the Supreme Court of the United States to hold, in the *Townsend* and *Mempa* cases, that sentencing is a "critical stage" at which the defendant must be afforded assistance of counsel, apply as well to the review of sentences by the Appellate Division which, under G. L. c. 278, § 28B, is empowered to reduce, increase, or affirm the sentence originally imposed.    The fact that an appeal to the Appellate Division is optional with the prisoner does not affect the holding. The time when a decision is made to appeal a sentence or to prosecute the appeal is a time when the advice of counsel might prove to be of critical importance.

Our conclusion is that the sentence imposed on Croteau pursuant to the order of the Appellate Division is, under the authorities cited, invalid and must be set aside.

The infirmity in the hearing before the Appellate Division under the newly established constitutional standards does not relate back to, or affect, the original sentence.   Croteau is entitled to be returned as near as may be to the position he was in before he made his appeal to the Appellate Division.    That includes the right to consult counsel before entering an appeal.   It appears, however, that the original sentence has already expired.    On the face of it one might conclude that Croteau would be entitled to immediate release.    The fact is, however, that he stands committed to the same institution for a subsequent offence for which he

was sentenced, the sentence (affirmed by the Appellate Division) to be served from and after the earlier amended sentence imposed by the Appellate Division. Conceivably, if Croteau should, with advice of counsel, choose to appeal the sentence originally imposed, he could receive a reduced sentence, which would advance the effective date for the commencement of the sentence for the subsequent offence. Conceivably, too, he could receive a longer sentence or an affirmance of the original sentence. Or he could elect not to appeal. We think, in light of the unusual circumstances attending the case, that he should be given the opportunity to make the choice, theoretical though it may be, and that the court should not make it for him.

Our order therefore is: — If Croteau, after consultation with counsel, files an appeal from the sentence imposed on October 17, 1957, a hearing thereon shall be granted by the Appellate Division in the usual course. The appeal is to be filed on or before March 15, 1968. If no appeal is filed, the right to appeal shall be deemed waived, or Croteau may in a writing countersigned by his counsel waive his right to appeal before March 15, 1968. In the event of waiver, a motion shall be made to the single justice for release of Croteau from custody under the mittimus issued pursuant to the order of the Appellate Division dated December 5, 1957, and under no other mittimus. If Croteau elects to appeal to the Appellate Division, the single justice may make such order as is appropriate following the hearing and order of the Appellate Division.

*So ordered.*