Joel D. Sacks, Asst. U. S. Atty., Charlotte Amalie, St. Thomas, V. I., for appellee.

Before KALODNER, FREEDMAN * and ADAMS, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

This is an appeal from a judgment of conviction of the District Court of the Virgin Islands, Division of St. Thomas and St. John, pursuant to a jury verdict finding the defendant appellant, Thomas A. Lawrence, guilty of armed robbery in violation of 14 V.I.C. Secs. 11 and 1861.

On this appeal Lawrence challenges as prejudicial error several of the trial judge's rulings on the admission of evidence and his discussion of that evidence in the course of his charge to the jury. He also contends that the jury's verdict was against the weight of the evidence and that an acquittal should be directed.

On review of the record we are of the opinion that the challenges to the trial judge's evidentiary rulings and charge are without merit.

We are further of the opinion that there is no merit to the contention that they jury's verdict was against the weight of the evidence. The evidence adduced at the trial was more than adequate to sustain the jury's verdict of guilty.

For the reasons stated the judgment of conviction will be affirmed.

Robert James BRYANT, Petitioner,

v.

Robert J. MOORE, Superintendent of Massachusetts Correctional Institution, South Walpole, Massachusetts, Respondent.

Misc. No. 454.

United States Court of Appeals, First Circuit.

March 5, 1971.

---

* Judge Freedman participated in the consideration and decision of this opinion, but died before its filing.

Robert James Bryant, pro se.

Before ALDRICH, Chief Judge, Mc-ENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

Petitioner, whose petition for habeas corpus was denied by the court without taking evidence, seeks a certificate of probable cause to appeal. He shows the following. He was convicted on his plea of guilty in the state court of the crime of armed robbery and was sentenced to a term of 9 to 12 years. He sought review of the sentence by the Appellate Division of the Superior Court under Mass.G.L. c. 278, § 28A et seq., Pursuant to the provisions of § 28B the court, after a hearing at which defendant was represented by counsel, ordered the sentence increased by substituting a sentence of 12 to 15 years. This sentence was thereafter imposed. At the time of the imposition no counsel representing the defendant was present. It is of this fact that he complains.

Defendant does not assert any constitutional objection to the incease in sentence. In this he is correct. Walsh v. Commonwealth, 1970, Mass., 260 N.E.2d 911; Hicks v. Commonwealth, 1962, 345 Mass. 89, 185 N.E.2d 739, cert. denied 374 U.S. 839, 83 S.Ct. 1891, 10 L.Ed.2d 1060; cf. Lemieux v. Robbins, 1 Cir., 1969, 414 F.2d 353, cert. denied 397 U.S. 1017, 90 S.Ct. 1247, 25 L.Ed.2d 432. Nor does he claim the sentence was otherwise unlawful.

It was, of course, necessary that defendant be represented at the hearing on the appeal, unless he waived such. Petition of Croteau, 1968, 353 Mass. 736, 234 N.E.2d 737; see Mempa v. Rhay, 1967, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336. He was so represented. The issue is thus the narrow one, whether, once the court had made the determination, defendant was obliged to be represented when the sentence was actually imposed. The district court ruled that this was not a "critical stage in the criminal prosecution" because no rights could be lost, and the presence of counsel could not have enabled him to save rights which might have been prejudiced for want of assistance. We are entirely unable to think of any reason why the defendant was prejudiced. Cf., Vitoratos v. Maxwell, 6 Cir., 1965, 351 F.2d 217, cert. denied 383 U.S. 105, 86 S.Ct. 718, 15 L.Ed.2d 618. Defendant could not even have had the benefit of counsel's advice with regard to a prompt appeal, as no appeal lay from the increase in sentence. If, conceivably, defendant had some extraordinary rights, they could be pursued only by writ of error, for the filing of which he had six years.

The request for a certificate of probable cause to appeal is denied.