Richard STACK

v.

STATE of Maine.

Supreme Judicial Court of Maine.

Argued Nov. 16, 1984.

Decided May 15, 1985.

Kurlanski, Mazziotti & Russell, Zbigniew J. Kurlanski (orally), Portland, for plaintiff.

James E. Tierney, Atty. Gen., Charles K. Leadbetter (orally), Nicholas M. Gess, Asst. Attys. Gen., Augusta, for defendant.

Before McKUSICK, C.J., and NICHOLAS, ROBERTS, VIOLETTE and GLASSMAN, JJ., and WERNICK, A.R.J.

VIOLETTE, Justice.

The petitioner appeals from an order of the Superior Court, Cumberland County, denying in part and dismissing in part his petition for post-conviction review. This Court has issued a certificate of probable cause, permitting the petitioner to proceed with his appeal on the single issue of whether an allegation of ineffective assistance of counsel consisting of the failure of counsel to file an appeal of sentence to the Appellate Division of the Supreme Judicial Court constitutes an attack upon the underlying criminal judgment that will support a petition for post-conviction review. We conclude that it does, and vacate the order of the Superior Court insofar as it dismisses the petitioner's request for post-conviction review.

## I.

The petitioner, Richard Stack, and a co-defendant were convicted of arson in the Superior Court, Cumberland County. *See State v. Stack,* 441 A.2d 673 (Me.1982) (affirming the convictions). On June 13, 1980 the presiding justice sentenced the petitioner to ten years at the Maine State Prison. At the time of sentencing, the court informed the petitioner of his right to appeal the sentence to the Appellate Division of the Supreme Judicial Court. *See* 15 M.R.S.A. §§ 2141–2144 (1980); M.R.Crim.P. 40.

On August 5, 1980 the petitioner filed in the Superior Court a "Motion for Permission to File Notice of Appeal of Sentence" along with a "Notice of Appeal from State Prison Sentence." *See* M.R.Crim.P. 40(a). The petitioner filed the former document because by August fifth the thirty day period for filing an appeal of sentence to the Appellate Division had expired. *See* M.R.Crim.P. 40(c); 1 Cluchey & Seitzinger, *Maine Criminal Practice* § 40.4 (1985). The appeal of sentence reached the Appellate Division. On February 23, 1982 the Appellate Division dismissed the petitioner's appeal of sentence "for lack of jurisdiction because untimely."

On August 23, 1982 the petitioner filed a *pro se* petition for post-conviction review. *See* 15 M.R.S.A. §§ 2121–2132 (Supp.1984); M.R.Crim.P. 65–78. The Superior Court justice assigned to hear the petition appointed counsel to represent the petitioner. Between April 27, 1983 and March 29, 1984 the presiding justice allowed several amendments to the petition. On March 29, 1984 the justice held a hearing on the amended petition.

In an order entered on June 6, 1984, the presiding justice addressed the merits of the amended petition. The justice observed that the petitioner had effectively raised two issues, the first regarding prosecutorial misconduct, and the second concerning ineffective assistance of counsel. The court first disposed of the prosecutorial misconduct question and denied the petition insofar as it relied upon that issue. The court next observed that the petitioner's "primary claim" of ineffective assistance of counsel concerned the failure of his trial attorney to file a timely appeal of the petitioner's sentence to the Appellate Division of the Supreme Judicial Court. Relying upon 15 M.R.S.A. § 2124 (Supp.1984), the court concluded that it did not have jurisdiction in a post-conviction review proceeding to examine this particular claim. The presiding justice further determined that, even if the court had jurisdiction to hear

this ineffective assistance of counsel claim, he could not grant the relief sought by the petitioner. The justice concluded that there was no authorization for the post-conviction court to reduce the sentence imposed by another Superior Court justice or to reinstate the petitioner's right to appeal his sentence to the Appellate Division. Accordingly, the presiding justice dismissed the petition insofar as it relied upon the failure of trial counsel to file a timely appeal of the petitioner's sentence.

The petitioner filed a notice of appeal to this Court. M.R.Crim.P. 76; *see* 15 M.R.S.A. § 2131 (Supp.1984). We issued a certificate of probable cause. *See* 15 M.R.S.A. § 2131(1) (Supp.1984). The certificate limits the scope of this appeal to the following question: whether an allegation of ineffective assistance of counsel consisting of the failure of counsel to file an appeal of sentence to the Appellate Division of the Supreme Judicial Court constitutes an attack upon the underlying criminal judgment that will support a petition for post-conviction review.

## II.

We first must determine whether the petitioner had a right to the effective assistance of counsel for the purpose of filing an appeal of sentence to the Appellate Division. In the absence of such a right, the petitioner's allegation concerning his attorney's failure to file a timely appeal of sentence could not possibly support an action for post-conviction review.

■ "Of course, the right to effective assistance of counsel is dependent on the right to counsel itself." *Evitts v. Lucey,* — U.S. —, — n. 7, 105 S.Ct. 830, 836 n. 7, 83 L.Ed.2d 821, 830 n. 7 (1985) (citing *Wainwright v. Torna,* 455 U.S. 586, 587–88, 102 S.Ct. 1300, 1301, 71 L.Ed.2d 475 (1982) (per curiam)). Conversely, whenever there is a right to counsel, there is a right to the effective assistance of counsel. *Evitts,* — U.S. at —, 105 S.Ct. at 835, 83 L.Ed.2d at 829; *Strickland v. Washington,* 466 U.S. —, —, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674, 692 (1984). The right to counsel, and therefore to the effective assistance of counsel, for the purpose of appealing a sentence to the Appellate Division is an issue that this Court has not yet addressed. *See* 1 Cluchey & Seitzinger, *supra,* at § 40.8.

The Massachusetts Supreme Judicial Court, however, has confronted an identical issue in the context of that state's sentence review procedure. Massachusetts has a system of sentence review, involving an "appellate division," that is very similar to the procedure followed in our own State. *See* Mass.Gen.Laws ch. 278, §§ 28A–28D (1981). Indeed, the Maine statute governing sentence review before the Appellate Division, 15 M.R.S.A. §§ 2141–2144 (1980), "was based upon the Massachusetts procedure." 1 Cluchey & Seitzinger, *supra,* at § 40.1. The Massachusetts court "has decided that the person appealing [his sentence] is entitled to counsel, appointed if necessary, to assist him both in deciding whether to appeal and in appearing and presenting his case before the Appellate Division." *Gavin v. Commonwealth,* 367 Mass. 331, 333, 327 N.E.2d 707, 708 (1975) (citing *In re Croteau,* 353 Mass. 736, 737, 234 N.E.2d 737, 738 (1968)); *see Bryant v. Moore,* 438 F.2d 1230, 1231 (1st Cir.1971). According to the Massachusetts court, sentence review before the appellate division, including the filing of the appeal of sentence, is a "critical stage" of the proceeding, "at which the defendant must be afforded assistance of counsel." *In re Croteau,* 353 Mass. at 738, 234 N.E.2d at 738 (citing *Mempa v. Rhay,* 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967); *Townsend v. Burke,* 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948)); *cf. Bryant,* 438 F.2d at 1231 (citing *Mempa v. Rhay,* 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967)).

The Supreme Court of Connecticut has taken a position similar to that of the Massachusetts Supreme Judicial Court. In Connecticut, a criminal defendant may appeal a sentence meeting the statutory criteria to the "review division." Conn.Gen.

Stat. §§ 51–194 to 51–196 (1985); *see State v. Nardini,* 187 Conn. 109, 118–122, 445 A.2d 304, 309–11 (1982) (describing history and operation of sentence review statute and quoting operative provisions). As in Maine, the Connecticut statute was patterned after the Massachusetts sentence review procedure. *See Nardini,* 187 Conn. at 119, 455 A.2d at 310. The Connecticut court has stated:

> A hearing before the review division, like the original imposition of sentence after ascertainment of guilt, constitutes· a critical stage of the sentencing procedure. The [party appealing his sentence is] entitled under the federal constitution to "the guiding hand of counsel" at that hearing. *Powell v. Alabama,* 287 U.S. 45, 69 [53 S.Ct. 55, 64, 77 L.Ed. 158] (1932); *Hamilton v. Alabama,* 368 U.S. 52, 54 [82 S.Ct. 157, 158, 7 L.Ed.2d 114] (1961).

*Consiglio v. Warden,* 153 Conn. 673, 677, 220 A.2d 269, 272 (1966), *cited with approval in State v. Langley,* 156 Conn. 598, 598, 244 A.2d 366, 366 (1968). The court in *Consiglio* also observed, "The *entire* sentence review procedure is sufficiently a part of the original trial so that representation in sentence review proceedings ... falls within the duty assumed by the attorney of record who represented the accused at the trial and the original sentencing."

153 Conn. at 677, n. 1, 220 A.2d at 272 n. 1 (emphasis added).

We agree with the view adopted in Massachusetts and Connecticut[1] that a criminal defendant is entitled to the assistance of counsel throughout the sentence review procedure, including the time when an appeal of sentence is to be filed.[2] "The time when a decision is made to appeal a sentence ... is a time when the advice of counsel might be of critical importance."[3] *In re Croteau,* 353 Mass. at 738, 234 N.E.2d at 738. We further agree that "[t]he entire sentence review procedure is sufficiently a part of the original trial so that representation in sentence review proceedings [pursuant to 15 M.R.S.A. §§ 2141–2144 (1980)] ... falls within the duty assumed by the attorney of record who represented the accused at the trial and the original sentencing." *Consiglio,* 153 Conn. at 677 n. 1, 220 A.2d at 272 n. 1; *cf.* M.R.Crim.P. 44(a)(2) (concerning continuing representation by appointed counsel after judgment in the trial court). In summary, we conclude that sentence review before the Appellate Division, like the original sentencing itself, is a critical stage of a criminal proceeding, and a defendant is therefore constitutionally entitled to counsel, and thus to the effective assistance of counsel, in filing an appeal to that body. *Cf. State v. Dyer,* 371 A.2d 1079, 1085 (Me.1977) (citing *Mempa v. Rhay,* 389 U.S.

1. *See also* Md.Ann.Code art. 27, § 645JE (1982). In Maryland, a criminal defendant has the right to appeal a sentence meeting the statutory criteria to a review panel designed specifically for the purpose of hearing such appeals. *Id.* at §§ 645JA–645JG. Under section 645JE, "[a]ny person who has the right to file an application for review [of sentence] shall have the right to be represented by counsel retained by him, or appointed by the sentencing judge, in connection with determining whether to seek such review and in connection with filing application for such review." Section 645JE also gives the defendant the right to counsel at any hearing held by the review panel in connection with its review of the sentence.

2. Commentators in Maine have previously indicated that, because the Appellate Division may increase the sentence under review provided that it affords the defendant a hearing, 15 M.R.

S.A. § 2142 (1980), the defendant is constitutionally entitled to the assistance of counsel "in any case in which a hearing is granted." 1 Cluchey & Seitzinger, *supra,* at § 40.8; 3 Glassman, *Maine Practice: Rules of Criminal Procedure Annotated* § 40.7 (1967). As noted above, we determine that a criminal defendant is entitled to the assistance of counsel throughout the sentence review procedure, including the time when an appeal of sentence is to be filed.

3. For instance, at that time, counsel can advise the defendant whether he should pursue such an appeal "and thereby run the risk of [an] increase in sentence." *Consiglio,* 153 Conn. at 677, 220 A.2d at 272. Such advice could be particularly important in Maine because an appeal of sentence can be withdrawn only with leave of the Appellate Division. M.R.Crim.P. 40(d)(3).

128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967)); *Green v. State,* 247 A.2d 117, 120 (Me. 1968).

### III.

■ Having determined that the petitioner had a right to the effective assistance of counsel for the purpose of filing his appeal of sentence to the Appellate Division, we now examine whether his claim of ineffective assistance at that stage constitutes an attack upon the underlying criminal judgment that will support a petition for post-conviction review. *See* 15 M.R. S.A. § 2124 (Supp.1984).[4] An allegation of ineffective assistance of counsel concerning the prosecution of a direct appeal constitutes an attack upon the underlying criminal judgment that will support a petition for post-conviction review. *See Kimball v. State,* 490 A.2d 653, 657–59 (Me.1985). We conclude that the same result should apply when the allegation of ineffective assistance concerns an appeal of sentence to the Appellate Division.

■ The petitioner's sentence, of course, is a portion of the criminal judgment entered against him. *See* 15 M.R. S.A. § 2121(1) (Supp.1984) ("'Criminal judgment' means a judgment of conviction of a crime"); M.R.Crim.P. 32(b) (a judgment of conviction includes the sentence). The petitioner had the right to challenge directly the propriety of that sentence through an appeal to the Appellate Division. 15 M.R.S.A. §§ 2141, 2142 (1980); *see* 1 Cluchey & Seitzinger, *supra,* at § 40.3. When a state chooses to grant such an appeal as of right, its availability is a matter of due process.[5] *See Evitts,* —— U.S. at ——–——, ——–——, ——–——, 105 S.Ct. at 833–835, 836–837, 837–841, 83 L.Ed.2d at 827–28, 830–31, 832–36; *cf.*

*Kimball,* at 659. If the petitioner was deprived of his appeal to the Appellate Division because of ineffective assistance of counsel, his sentence, a portion of the criminal judgment, has been imposed without due process of law. *See Evitts,* —— U.S. at ——–——, 105 S.Ct. at 833–835, 83 L.Ed.2d at 827–28, 830–31, 832–36.

In summary, if the petitioner can prove that he had ineffective assistance of counsel for the purpose of filing an appeal of sentence to the Appellate Division, he will show that he has not been afforded due process of law with regard to his sentence, a portion of the criminal judgment entered against him. We therefore conclude that this claim of ineffective assistance of counsel does constitute an attack on the underlying criminal judgment that will support a petition for post-conviction review. *See* 15 M.R.S.A. § 2124 (Supp.1984). The Superior Court erroneously determined that it was without jurisdiction to consider this claim in a post-review action.

### IV.

■ Finally, we address the determination of the Superior Court that, even if it had jurisdiction to consider the petitioner's allegation of ineffective assistance of counsel consisting of the failure of counsel to file an appeal of sentence to the Appellate Division, it could not grant appropriate relief. The post-conviction review statute, in pertinent part, provides: "If the court determines that relief should be granted, it shall order appropriate relief, including ... granting the right to take an appeal from the criminal judgment...." 15 M.R.S.A. § 2130 (Supp.1984). This provision would afford an adequate remedy in the case at bar. As we indicated earlier, an appeal of sentence is an appeal from a portion of the

---

**4.** Section 2124, in pertinent part, provides:

An action for post-conviction review of a criminal judgment of this State or of a post-sentencing proceeding following the criminal judgment, may be brought if the person seeking relief demonstrates that the challenged criminal judgment or post-sentencing proceeding is causing a present restraint or other

specified impediment as described in subsections 1 to 3:

....

**5.** Due process of law is guaranteed by both the federal and the state constitutions. U.S. Const. amend. XIV, § 1; Me. Const. art. I, § 6–A.

criminal judgment. *See* 15 M.R.S.A. § 2121(1) (Supp.1984) (" 'Criminal judgment' means a judgment of conviction of a crime"); M.R.Crim.P. 32(b) (a judgment of conviction includes the sentence). If the Superior Court finds that the petitioner has not been afforded due process of law because his counsel ineffectively assisted him in filing a timely appeal of sentence, it may grant the petitioner the right to take such an appeal.

We conclude that the Superior Court has jurisdiction in an action for post-conviction review to consider the petitioner's allegation that he had ineffective assistance of counsel for the purpose of filing an appeal of sentence to the Appellate Division. We also conclude that, if the petitioner successfully proves this allegation, the Superior Court has the power to grant appropriate relief by giving him the right to appeal his sentence to the Appellate Division. We therefore vacate the order of the Superior Court insofar as it dismisses the petitioner's request for post-conviction review based upon this allegation of ineffective assistance of counsel.

The entry is:

Judgment vacated insofar as it dismisses the petition for post-conviction review. Remanded for further proceedings consistent with the opinion herein.

All concurring.