STATE OF MAINE

KENNEBEC, ss.

RECEIVED AND FILED
KENNEBEC SUPERIOR COUR SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. CR-03-435

2004 JUL 22 P 3: 33 JR ᴐ -KEⁱ⁻ ⸱ ⸱ ⸱

⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱
⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱

MARK MELANSON,

      Petitioner

   v.

STATE OF MAINE,

      Respondent

**DECISION AND ORDER**

DONALD ⸱ ⸱ ⸱ ⸱ ⸱
LA⸱ ⸱ ⸱ ⸱ ⸱ ⸱

AUG 10 2004

This matter is before the court on the amended petition for post-conviction review filed by Mark Melanson. By stipulation of his attorney, he is pursuing only the two grounds cited in this pleading, namely, in ground one, that his trial counsel was ineffective by failing to file an application to appeal his sentence, and, in ground two, that this attorney was ineffective by failing to appeal the conviction which led to his current incarceration.

A testimonial hearing was conducted on the amended petition at which the petitioner and his trial counsel, Taylor Fawns, Esq., testified. From this testimony and the record of the case which led to the petitioner's conviction, the following facts may be found:

The petitioner, Mark Melanson (Melanson), was convicted on June 11, 2003, of Operating Under the Influence, class C, and Operating After Revocation, class C, after a jury trial. On June 12, 2003, he was sentenced on these offenses to two concurrent five-year sentences with all but three years suspended on each, and four years probation with a variety of conditions, some of which purport to address the petitioner's alleged substance abuse problems. These sentences were ordered to be served consecutively to a sentence imposed by the District Court, Skowhegan, which the petitioner was then

serving. Melanson was ordered to pay a fine of $2,000 on the O.U.I. conviction and his license was suspended for six years. The petitioner is currently in execution of these sentences and is incarcerated at a Department of Corrections' facility.

After the jury had returned its verdicts, the petitioner asked his lawyer about an appeal. Fawns told him that he had the right to appeal, and had 21 days to do so, but that he did not think there was anything to appeal. Accordingly, in Fawns' view, because he believed there were no grounds for an appeal, he could either withdraw as Melanson's counsel or file the appeal for him.

After the petitioner was sentenced, he wrote to Fawns about appealing his sentence. The two also spoke by phone on this topic. During this conversation, Fawns told Melanson that he did not know much about sentencing appeals and would have to get back to him.

Later, Melanson wrote to attorney Fawns and asked again about appealing his sentence. Fawns replied to this letter on June 25, 2003, and advised his client that he saw no basis for an appeal of the sentence and, because of that, could not participate in such an appeal. According to the text of this letter, attorney Fawns enclosed a copy of the form required to appeal the sentence with instructions that it needed to be filed by July 1, 2003, if the petitioner wished to pursue this appeal. *See* State's Exhibit 1.

According to the petitioner, he received Fawns' letter of June 25, but it did not include the form to file an appeal of the sentence. He did not contact his attorney again and understood that he was not going to file an appeal for him. The petitioner filed nothing with the court because, he says, he had no form to file and because one "can't do much while in A Block."[1]

---

[1] The text in quotations in this order are derived from the court's notes and not from a verbatim transcript of the witnesses' testimony at the hearing.

Attorney Fawns testified that he probably should have filed the application to appeal the sentence for his client.

At the hearing on the petition, the two witnesses differed as to any plan to appeal the conviction. Mr. Fawns testified that he cannot recall receiving a direction from the petitioner to appeal the conviction. Mr. Melanson testified that he asked his attorney "to put in an appeal for him" because he had a few issues that should be raised.

Our Law Court has decided that a defendant in a criminal case has the right to the effective assistance of counsel "for the purpose of filing an appeal of sentence . . ." *Stack v. State*, 492 A.2d 599, 601-602. This is because such an appeal is a critical stage of a criminal proceeding so that a defendant is constitutionally entitled to counsel. *Id.* at 602. Further, when one is entitled to the assistance of counsel, there is the right to the effective assistance of counsel. *Id.* at 601. These axioms would, of course, also apply to the right to effective counsel, recognized by law, when one appeals a conviction to a higher court. *Kimball v. State*, 490 A.2d 653, 659 (Me. 1985); *Evitts v. Lucey*, 469 U.S. 387 (1985).

Next, in order to evaluate counsel's effectiveness, the court must determine whether his performance fell below that of an ordinary fallible attorney. *State v. Brewer*, 1997 ME 177, ¶ 17, 699 A.2d 1139, 1144. If the petitioner has established this circumstance, he must next prove that the unsatisfactory performance resulted in prejudice. *Id.* ¶ 20; 699 A.2d at 1144; *Parkinson v. State*, 558 A.2d 361, 363 (Me. 1989) (burden of proof in a post-conviction case rests with petitioner).

In addressing these standards, this court is given binding guidance by the Supreme Court of the United States. In the case of *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), that court held that trial counsel "has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a

rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480.

In determining whether counsel has abrogated that duty, the court is to focus on the totality of the circumstances then existing. *Id.* A highly relevant factor in this inquiry is whether the appeal is to follow a trial or a plea of guilty because the latter reduces the scope of potentially appealable issues, and may indicate that the defendant wishes to end the judicial proceedings. *Id.* Conversely, it may be inferred, when there is a trial, the potential number of issues for an appeal is greater and the defendant can be said to have demonstrated a willingness to contest the proceedings.

Applying this holding to the case at bar, attorney Fawns would have understood that after his client had been convicted he would be interested in appealing. Although the record is conflicting as to the extent to which the petitioner expressed this wish to his attorney, the former inquired about an appeal, but was told there were no grounds to support one. Mr. Fawns also knew that his client was unhappy with the result of the trial and could infer from this circumstance, and his explicit wish to appeal the sentence, that he had not given up on challenging the conviction. Of course, as an attorney, Mr. Fawns also knew that a trial record might yield some basis for an appeal, even if, in his professional opinion, he could think of none directly after trial. Finally, Mr. Fawns would have to have understood that a sentence which approached the maximum might inspire even the most discouraged defendant to want a review of his trial in the hope he might be relieved of the burden imposed on him.

From all this, the court finds that Melanson reasonably demonstrated an interest in appealing this conviction, at least to the extent that a reasonable attorney in Mr. Fawns' position would have understood from the totality of the circumstances that his

client had such an interest. Accordingly, the petitioner has met his burden of persuasion as to the alternative test number 2 articulated in *Roe v. Flores-Ortega, id.* at 480, which implicates counsel's constitutional obligation to consult with his client about an appeal.

In the interest of a complete discussion of the duty to consult, it is worth observing that element 1 of the cited test has also been established on the facts of this particular case. The court understands this to be an objective test, i.e., the court should consider what a rational defendant would want and not what Mr. Melanson may have wanted vis-à-vis an appeal. If this assessment is correct, the court believes that a rational defendant would want to appeal in this case for no other reason than the severity of the sentence. This is not a case, though, where this court could find that there were nonfrivolous grounds for appeal. This was a "clean" trial with few evidentiary or legal disputes where adverse rulings against the defendant might generate an obvious or nonfrivolous basis for appeal. That said, however, it is not the place of the trial judge to determine in any dispositive or conclusory way that there were no nonfrivolous grounds for appeal in this case.

In the end, then, the court must conclude that the petitioner has established both the tests outlined in *Roe v. Flores-Ortega* and that his attorney should have consulted with him about the advantages or disadvantages of filing an appeal. His failure to do so constitutes ineffective assistance of counsel.

This failure of adequate representation resulted in a prejudice to the petitioner in that he was deprived of his opportunity to appeal his conviction. Of itself, this is prejudice as a matter of law. *Roe v. Flores-Ortega, id.* at 483.

For the reasons here cited, the amended petition must be granted as to ground two.

The petition will also be granted as to ground one as the facts as to the appeal of the sentence are more compelling. The evidence is strong and uncontradicted that Melanson expressed persistent interest in appealing the sentence imposed. He had at least three communications with his attorney expressing a desire to appeal but was rebuffed. That the attorney may have sent his client the form to apply for an appeal of sentence did not discharge his obligations. Even though the form might be a simple one, the client was incarcerated and perhaps without ready access to envelopes, stamps and the postal service so that he could file the notice on time. As Mr. Fawns acknowledged, he probably should have filed the application to appeal sentence form for his client. The fact that he did not take steps to appeal his client's sentence upon his request is "professionally unreasonable" and amounts to ineffective assistance of counsel. *Roe v. Flores-Ortega, id.* at 477 (citing *Rodriquez v. United States*, 395 U.S. 327 (1969); *Peguero v. United States*, 525 U.S. 23, 28 (1999)).

Just as with ground two, the failure to file a notice of appeal amounts to prejudice without further articulation of the reasons for such a finding. Nevertheless, because the record showed that the petitioner received the same sentence as his attorney recommended to the court, or because Melanson only objected to being on probation for so long, it may be argued that the failure to appeal the sentence resulted in little prejudice to him. The response, of course, is that four years of probation with two years of potential incarceration "hanging over one's head" is a sufficiently onerous part of a sentence, and one to which the petitioner objected, that the lost opportunity to appeal that provision must amount to prejudice.

All this being so, the court finds that the petitioner has met his burden of persuasion as to ground one of the amended petition so that it will be granted in its entirety.

Finally, it is worth commenting that, although the court must find that the petitioner was afforded ineffective assistance of counsel as to the potential prosecution of his appeals, counsel's failures in this regard do not suggest incompetence or other deficient performance. Instead, counsel permitted his ethical obligations as an attorney not to prosecute frivolous or baseless claims to trump his constitutional obligations as outlined in *Roe v. Flores-Ortega, id.* This is an understandable mistake particularly in a case like this where counsel reasonably believed that appeals would be groundless. However, even though Mr. Fawns met his obligations to the Code of Professional Responsibility, his oath as an attorney, and to the courts, he was required to transcend those interests for the constitutional rights of his client to consult with him and/or file an appeal notice on his direction. The failure to do so must result in the amended petition being granted.

For the reasons cited herein, the entry will be:

Amended Petition is GRANTED on both grounds cited therein. Petitioner's attorney, David Paris, Esq., is DIRECTED to consult with the petitioner forthwith concerning his wish to appeal the conviction and/or the sentence in *State v. Mark Melanson*, Kennebec County Superior Court Docket Number CR-02-205. Should the petitioner wish to prosecute these appeals, the notice of appeal or application to allow appeal of sentence must be filed within 21 days of the filing of this order.

So ordered.

Dated: July 22, 2004

John R. Atwood
Justice, Superior Court

MARK B MELANSON
  vs
STATE OF MAINE

SUPERIOR COURT
KENNEBEC, ss.
Docket No   AUGSC-CR-2003-00435

**DOCKET RECORD**

PL. DOB: 02/24/1970
PL. ATTY: DAVID PARIS
      72 FRONT STREET
      BATH ME 04530-2657
      APPOINTED 10/23/2003

State's Attorney: EVERT FOWLE

Filing Document: PETITION
Filing Date: 10/10/2003

Major Case Type: POST CONVICTION REVIEW

## Charge(s)

## Docket Events:

10/10/2003 FILING DOCUMENT -  PETITION FILED ON 10/10/2003

10/20/2003 POST CONVIC. REVIEW -  REVIEW SENT FOR REVIEW ON 10/10/2003
      E ALLEN HUNTER , JUSTICE
10/20/2003 POST CONVIC. REVIEW -  ASSIGNMENT ASSIGNED TO DOCKET ON 10/20/2003

      ASSIGNMENT ORDER SENT TO CHIEF JUSTICE MILLS
10/23/2003 MOTION -  MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 10/07/2003

10/23/2003 MOTION -  MOTION FOR APPOINTMENT OF CNSL GRANTED ON 10/23/2003
      S KIRK STUDSTRUP , JUSTICE
      COPY TO PARTIES/COUNSEL
10/23/2003 Party(s):  MARK B MELANSON
      ATTORNEY -  APPOINTED ORDERED ON 10/23/2003

      Attorney:  DAVID PARIS
10/30/2003 ORDER -  SPECIAL ASSIGNMENT ENTERED ON 10/28/2003
      JOHN R ATWOOD , JUSTICE
12/02/2003 MOTION -  MOTION FOR EXTENSION OF TIME FILED BY PETITIONER ON 12/02/2003

      TO FILE AMENDED PETITION
12/11/2003 MOTION -  MOTION FOR EXTENSION OF TIME GRANTED ON 12/10/2003
      S KIRK STUDSTRUP , JUSTICE
      COPY TO PARTIES/COUNSEL
01/05/2004 ORDER -  TRANSCRIPT ORDER FILED ON 01/05/2003

      COPY SENT TO LAURIE GOULD
01/14/2004 SUPPLEMENTAL FILING -  AMENDED PETITION FILED ON 01/12/2004

01/30/2004 POST CONVIC. REVIEW -  RESPONSE TO PETITION FILED ON 01/29/2004

      RESPONDENT'S ANSWER TO THE AMENDED PETITION FOR POST CONV. REVIEW DATED   JANUARY 8, 2005
02/25/2004 OTHER FILING -  TRANSCRIPT FILED ON 02/25/2004

      TRIAL TRANSCRIPT OF 6/10/03 AND SENTENCING TRANSCRIPT OF 6/12/03
02/25/2004 POST CONVIC. REVIEW -  PCR CONFERENCE SCHEDULED FOR 02/25/2004

Printed on: 07/22/200

02/25/2004 POST CONVIC. REVIEW - PCR CONFERENCE HELD ON 02/25/2004
            JOHN R ATWOOD , JUSTICE
            Attorney: DAVID PARIS
            DA: PAUL RUCHA
02/25/2004 POST CONVIC. REVIEW - ORDER RESULTING FROM PCR CONF FILED ON 02/25/2004

            PROCEEDING ON THE AMENDED PETITION ONLY. EVIDENTIARY HEARING REQUIRED -    1/2 DAY FOR
            HEARING. PETITIONER TO FILE WITNESS LIST BY 3/19/04.        RESPONDENT WILL CALL TAYLOR
            FAWNS AS WITNESS. RESPONDENT MAY ADD TO THIS  LIST TO REBUT PETITIONER'S TESTIMONY.
                                    COPIES TO COUNSEL.
02/25/2004 HEARING - EVIDENTIARY HEARING SCHEDULED FOR 05/14/2004 @ 9:00
            JOHN R ATWOOD , JUSTICE
            NOTICE TO PARTIES/COUNSEL
02/25/2004 HEARING - EVIDENTIARY HEARING NOTICE SENT ON 02/25/2004


05/10/2004 WRIT - HABEAS CORPUS TO TESTIFY ISSUED ON 05/10/2004


            CERTIFIED COPY TO SHERIFF DEPT.
07/22/2004 HEARING - EVIDENTIARY HEARING HELD ON 05/14/2004
            JOHN R ATWOOD , JUSTICE
            Attorney: DAVID PARIS
            DA: PAUL RUCHA          Reporter: JANETTE COOK
            Defendant Present in Court


            WITNESSES: TAYLOR FAWNS, MARK MELANSON
07/22/2004 POST CONVIC. REVIEW - PCR DETERMINATION UNDER ADVISEMENT ON 05/14/2004
            JOHN R ATWOOD , JUSTICE
07/22/2004 FINDING - GRANTED ENTERED BY COURT ON 07/22/2004
            JOHN R ATWOOD , JUSTICE
            AMENDED PETITION IS GRANTED ON BOTH GROUNDS CITED THEREIN. PETITIONER'S ATTORNEY, DAVID
            PARIS IS DIRECTED TO CONSULT WITH THE PETITIONER FORTHWITH CONCERNING HIS WISH TO APPEAL
            THE CONVICTION AND/OR THE SENTENCE IN STATE VS. MARK MELANSON.



            **Exhibits**
            05/14/2004  STATE, Exhibit#1, LETTER FROM TAYLOR FAWNS TO MARK MELANSON, Adm w/o obj on
                        05/14/2004.

    A TRUE COPY
    ATTEST: _____
                        Clerk