STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
DOCKET NO. CR-12-3594

STATE OF MAINE
Cumberland, ss, Clerk's Office
SUPERIOR COURT

MAR 10 2014

RECEIVED

DEVRA LEE KOROMANIAN

v.

ORDER ON POST-CONVICTION REVIEW

STATE OF MAINE

## PROCEDURAL BACKGROUND

Devra Lee Koromanian ("Koromanian") pled guilty on January 24, 2012 to two counts of a seven-count indictment. She pled guilty to Reckless Conduct With A Dangerous Weapon (Class C), 17-A M.R.S.A. § 211(1), and Operating Under the Influence – No Test, 1 Prior (Class D), 29-A M.R.S §(1-A)(C)(2). The court (Moskowitz, J.) sentenced her to an eighteen-month period of incarceration with the Department of Corrections with all but fifty days suspended and a two-year probationary term on Count I and to thirty days concurrent on Count III together with a $900 fine, plus applicable surcharges and assessments. This was a time served sentence. The state dismissed the remaining five charges in the indictment[1], including one felony as the result of the plea agreement. This sentence was also made concurrent with SOPSCCR-11-253, including two charges of terrorizing and forgery to which she pled guilty on December 16, 2011. Koromanian did not appeal her conviction or the sentence to the Law Court.

---

[1] The remaining five charges included aggravated criminal mischief, refusing to submit to arrest, criminal mischief, failure to sign a uniform summons and complaint, and assault. All these charges were dismissed as part of the plea agreement.

Koromanian filed a timely petition for post-conviction review on May 31, 2012. Petitioner alleges generally ineffective assistance of counsel. She also alleges in her petition that her plea was not knowing or voluntary; however, during her PCR hearing she testified that she had "a good understanding of what I was doing and I needed to get out of jail to get help", and she testified that "Yes", her plea was made voluntarily. When asked why she filed her petition she testified, "basically because he did not do his job and threatened me." On the issue of threatening, she testified that her attorney told her that if she sought another attorney, she would not get another attorney.

## GROUNDS ALLEGED

The petitioner specifically alleges in her motion ineffective assistance of plea counsel in that (1) he failed to do adequate pretrial investigation, (2) failed to keep her adequately apprised of developments, (3) failed to consult with her regarding her defense, (4) failed to provide her with accurate information regarding her case, (5) failed to advise her of possible future consequences to pleading guilty, (6) pressured her into pleading guilty, (7) failed to consider her actual innocence, and (8) failed to comprehend how her medical condition affected her ability to understand the charges against her. Finally, there is also the allegation that her attorney threatened her. At the PCR hearing, evidence was provided on just a few of these grounds.

## EVIDENCE AT PCR HEARING

At the PCR hearing, the insurance adjuster who inspected her car a couple of months after the collision testified that there was no evidence at all from Koromanian's car that it caused or was involved in an accident resulting in $5,000 in damages to another vehicle. The accident occurred on December 5, 2011 and the adjuster did not

2

inspect her vehicle until February 6, 2012, more than two months after the collision and two weeks after her plea on January 24, 2012. The adjuster did not know whether her vehicle had been repaired in the intervening time. He did not recall whether he inspected the other vehicle in the accident.

Koromanian testified that she told her plea attorney that there was no collision and that he failed to investigate this. Her plea counsel testified that he did not remember her raising or even discussing with him whether a collision had occurred; "she never brought this issue up to me, and I did not follow it up as a potential defense because she did not bring this issue up." According to her plea counsel, her primary concern was she wanted to get out of jail and a sentence that proposed time served met her objective.

Koromanian testified that she just needed to get out of jail to find some one else instead of her plea counsel. She testified she was unhappy with him because he threatened her and he laughed at her when she said she never rammed another vehicle, and told her, "I'll be the judge of that." She also testified that plea counsel never discussed her defense with her but she knew that no collision gave her a defense to reckless conduct. In response to all of these claims, the court observes that her plea attorney in this case helped her with her Oxford case, and when she applied for court-appointed counsel in this case on December 7, 2011, she asked that the court appoint her plea counsel to represent her. So in December 2011, she was not unhappy with the plea counsel she requested.

Koromanian also testified that she wrote the court asking for another attorney but she never got a response. The court file does not contain any letter from Koromanian asking the court to appoint another attorney for her. Rather, the court file reveals one

3

lengthy, handwritten letter, dated January 9, 2012, from Koromanian in which she spoke about bail and how her pending Oxford case interfered with her release on the Cumberland bail in this case ($500 and Maine Pretrial Contract). She reported that her Oxford attorney, who is the same attorney that she now complains about in this petition, addressed the Oxford case, and the petitioner was now asking the Cumberland Court to reduce her bail to PR so she could be released to deal with her many medical and mental health issues. Petitioner discussed at length and sent documents supplementing her discussion in the letter of her medical and mental health issues. With regard to her lawyer, she says she has not seen her lawyer in three weeks, and she closes her letter by stating, "As for my attorney, I will cross that bridge when I get to it." However, she does not ask the court to take any action with respect to court-appointed counsel.

Plea counsel testified that he represented Koromanian in SOPSC CR-11-253, charges of terrorizing and forgery. She pled guilty to those charges on December 16, 2011 and received nine months, all suspended. Plea counsel thought that was the end of their attorney-client relationship. Then he received notice that he was appointed to represent Koromanian in this case. Plea counsel met with her, went over the discovery, and talked about defenses. Plea counsel states, she never said the collision did not occur. Her primary concern was to get out of jail. He had hoped to avoid a felony conviction and a multi-year loss of license, but the facts were heavily weighted against her. He does not recall a conversation about getting another attorney or "go look at my vehicle." In the end she pled to Counts 1 and 3, received a time served sentence and the remaining counts were dismissed.

4

The Plea Transcript discloses that the plea judge at the Rule 11 plea on January 24, 2012 engaged the defendant in a lengthy and thorough Rule 11 colloquy as part of the felony plea. Consistent with M.R.Crim.P. 11, the court inquired whether she "had enough time to go over the indictment, which has the seven charges in it, with [her attorney]?" The petitioner responded, "yes." (Tr. 3.) When asked by the judge whether she needed "any other additional time to speak with [her attorney] about the charges or about the information in the case", she responded, "no." (Tr. 3.) The plea judge then reviewed the elements of the charges to which she pled guilty, including that "the State would have to further show that you did that with the use of a dangerous weapon. And in this case it was a motor vehicle. Do you understand this?" (T. 5.) The petitioner responded, "yes." (Tr. 5.) After listening to the plea judge explain all the jury trial rights she was giving up, she responded in the affirmative when the court asked, "are your pleas to these two charges made this morning voluntarily and of your own free will and choice?" (Tr. 9.) Koromanian said no one had forced her or threatened her in any way to get her to plead guilty to these two charges? (Tr. 9.)

The prosecuting attorney recited at the plea hearing that if the case had gone to trial the evidence would have included the testimony of the off-duty fireman who called the Sheriff's Department to report that a drunk driver had just rammed his car. He said that a drunk driver drove into his car, causing an estimated $5,000 damage and drove off. There also would have been the testimony of the officer who, unaware that her car had been involved in the ramming of the off-duty fireman's vehicle, stopped Koromanian for speeding and observed "indicia of impairment." (Tr. 10.) The testimony would have also included that Koromanian told the officer that she was heading to Portland but she was

5

going in the wrong direction, she admitted to one glass of wine (at the PCR hearing she testified to having consumed one glass of brandy), and that she was arrested after the field sobriety tests, and she refused to take any breath tests.

In addition to the evidence recited by the prosecutor, there is Koromanian's admission that she was pleading guilty because she was in fact guilty. She admitted she had enough time to go over everything with her attorney (Tr. 11.) When the court inquired, "are you pleading guilty to these two charges because you are in fact guilty of them", Koromanian responded, "yes." (Tr. 11.) When asked whether she had any substantial disagreement with the facts prosecutor just gave court, she responded, "no." (Tr. 11.) Finally, when the judge asked her, "are you satisfied with the advice you've received" from your attorney, Koromanian responded, "yes." (Tr. 11.) Based on all of this, the plea judge accepted her pleas, finding that they were made voluntarily, there was a factual basis for her plea to Count I (the felony charge), she understood the consequences of her plea and the elements of the offense charged in Count I, and she had the mental capacity to waive her constitutional rights. (Tr. 11-12.) At the close of the plea proceeding, the prosecutor advised the plea judge that the victim was satisfied with the plea, he hoped she gets some help for her drinking issues and his insurance covered the damage but for the $500 deductible. Sentence was then imposed, including restitution in the amount of the deductible.

## DISCUSSION

To determine whether Koromanian received constitutionally ineffective assistance of counsel, this court must examine:

[F]irst, whether there has been serious incompetency, inefficiency, or inattention of counsel amounting to performance . . . below what might be

6

expected from an ordinary fallible attorney; and second, whether any such ineffective representation likely deprived the defendant of an otherwise available substantial ground of defense.

*Alexandre v. State*, 2007 ME 106, ¶ 43, 927 A.2d 1153, quoting *Aldus v. State*, 2000 ME 47, ¶ 12, 748 A.2d 463. Generally, the court "begin[s] with the second prong regarding prejudice because if it is determined that there was no prejudice, there is no need to address the first prong regarding whether counsel's performance was deficient." *Francis v. State*, 2007 ME 148, ¶ 4, 938 A.2d 149.

Turning to the issue of prejudice, the court concludes that Koromanian has failed to show that she suffered any prejudice. The only possible exculpatory evidence did not exist until several weeks after the plea proceeding. There is no credible evidence that she told her attorney that she was not involved in a collision and there is her admission before the plea judge that she was pleading guilty because she was in fact guilty. Her testimony that her plea counsel yelled at her for talking to other attorneys and said she would not get another attorney is also not credible. Moreover, she testified that she had a good understanding of what she was doing and that she pled voluntarily.

The plea occurred on January 24, 2012 and the insurance adjuster did no inspect her vehicle until February 6, 2012, after she had entered her plea of guilty. This fact undermines her claim of prejudice. At the time of her plea, there was no evidence that she was not involved in a collision causing $5,000 in damages. There is only Koromanian's claim that she told her plea counsel that she had not been involved in a collision and her plea counsel's testimony that she did not bring this up with him. Evidence that in February 2012 the adjuster said her vehicle was not involved in a collision is not relevant to a plea made two weeks before the adjuster's inspection.

7

Koromanian listed five reasons why she pled guilty, the last being so she could get another attorney. She testified that she pled because of her health, her job at the Shelter, her residence at the convent where she was living, her section 8 housing which she did not want to lose, and so she could get another attorney. She told the prosecutor during cross-examination at the PCR hearing that she would reopen the case once she got another attorney. Given the weight of the evidence, her incredible testimony and all of the reasons she offered at the PCR hearing for her plea and her admission that her plea was made voluntarily, the court cannot find that plea counsel's performance prejudiced Koromanian or that his performance prejudiced her or fell measurably below the performance that might be expected of an ordinary, fallible attorney. Both the United States Constitution and the Maine Constitution guarantee that a criminal defendant is entitled to the effective assistance of counsel. U.S. Const. amend. VI; Me. Const. art. I, § 6; *Stack v. State*, 492 A.2d 599, 601 (Me. 1985) (citations omitted) ("[W]henever there is a right to counsel, there is a right to the effective assistance of counsel."). Koromanian received effective assistance of counsel when he got the State to dismiss five of the charges and a time served sentence so that she would be released. He also achieved nine months sentence, all suspended, in the Oxford County case on December 16, 2011. Her primary concerns were that she wanted to get out of jail and her plea counsel achieved this on her behalf.

The entry is: Post-Conviction Petition DENIED.

Date: March 10, 2014

_____
Joyce A. Wheeler, Justice
Maine Superior Court

8