JAMES L.[1] *v.* COMMISSIONER OF CORRECTION
(SC 15847)

Borden, Berdon, Palmer, McDonald and Peters, Js.

---

[1] In order to protect the privacy of the victim in this case, and in keeping with the spirit of General Statutes § 54-86e, we will refer to the petitioner as "James L."

Argued April 23—officially released June 23, 1998

*Jo Anne Sulik*, assistant state's attorney, for the appellant (respondent).

*Adele V. Patterson*, deputy assistant public defender, for the appellee (petitioner). ′

*Opinion*

PETERS, J. The principal issue in this appeal is whether, after a finding of ineffective assistance of counsel, a habeas court has the authority to restore a petitioner's right to sentence review under General Statutes § 51-195,[2] after the statute's thirty day time

---

[2] General Statutes § 51-195 provides: "Any person sentenced on one or more counts of an information to a term of imprisonment for which the total sentence of all such counts amounts to confinement for three years

limit has passed. We conclude that the habeas court has such authority, and, therefore, affirm the judgment restoring the petitioner's right to file for sentence review.

The petitioner, James L., was convicted of two counts of sexual assault in the first degree in violation of General Statutes (Rev. to 1989) § 53a-70,[3] and two counts of risk of injury to a child in violation of General Statutes (Rev. to 1989) § 53-21.[4] He was sentenced to twenty-five years in prison, suspended after fifteen years. The

or more, may, within thirty days from the date such sentence was imposed or if the offender received a suspended sentence with a maximum confinement of three years or more, within thirty days of revocation of such suspended sentence, except in any case in which a different sentence could not have been imposed or in any case in which the sentence or commitment imposed resulted from the court's acceptance of a plea agreement or in any case in which the sentence imposed was for a lesser term than was proposed in a plea agreement, file with the clerk of the court for the judicial district in which the judgment was rendered an application for review of the sentence by the review division. Upon imposition of sentence or at the time of revocation of such suspended sentence, the clerk shall give written notice to the person sentenced of his right to make such a request. Such notice shall include a statement that review of the sentence may result in decrease or increase of the term within the limits fixed by law. A form for making such application shall accompany the notice. The clerk shall forthwith transmit such application to the review division and shall notify the judge who imposed the sentence. Such judge may transmit to the review division a statement of his reasons for imposing the sentence, and shall transmit such a statement within seven days if requested to do so by the review division. The filing of an application for review shall not stay the execution of the sentence."

[3] General Statutes (Rev. to 1989) § 53a-70 provided in relevant part: "Sexual assault in the first degree: Class B felony: One year not suspendable. (a) A person is guilty of sexual assault in the first degree when such person compels another person to engage in sexual intercourse by the use of force against such other person or a third person, or by the threat of force against such other person or against a third person which reasonably causes such person to fear physical injury to such person or a third person. . . ."

[4] General Statutes (Rev. to 1989) § 53-21 provided: "Injury or risk of injury to, or impairing the morals of, children. Any person who wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that its life or limb is endangered, or its health is likely to be injured, or its morals likely to be impaired, or does any act likely to

Appellate Court affirmed his conviction. *State* v. *James L.*, 26 Conn. App. 81, 598 A.2d 663 (1991).

The petitioner was represented at trial by Attorney Richard Perry, and at sentencing and on appeal by Attorney Kenneth Leary. The petitioner first brought a habeas petition against the respondent, the commissioner of correction (commissioner), alleging that Perry's representation had been ineffective. Following an evidentiary hearing, that petition was dismissed by the court, *Sferrazza, J.*, on May 23, 1995. The merits of that decision are not before us.

The petitioner then brought a second habeas petition, which is the subject of this appeal, alleging that Leary's representation had been ineffective because he had failed to file an application for sentence review within the statutory time limit. Following an evidentiary hearing on January 10, 1997, the habeas court, *Bishop, J.*, granted the petition and restored the petitioner's right to apply for sentence review.

The commissioner sought certification to appeal, which the habeas court granted pursuant to General Statutes § 52-470 (b).[5] In his statement of the issue on appeal, filed thereafter pursuant to Practice Book § 4013, now Practice Book (1998 Rev.) § 63-4, the commissioner asked: "Whether the habeas court erred in granting the petition for writ of habeas corpus?" We affirm the judgment of the habeas court.

impair the health or morals of any such child, shall be fined not more than five hundred dollars or imprisoned not more than ten years or both."

[5] General Statutes § 52-470 (b) provides: "No appeal from the judgment rendered in a habeas corpus proceeding brought in order to obtain his release by or in behalf of one who has been convicted of crime may be taken unless the appellant, within ten days after the case is decided, petitions the judge before whom the case was tried or a judge of the Supreme Court or Appellate Court to certify that a question is involved in the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies."

On appeal to this court, the commissioner raises two issues.[6] He claims that: (1) the habeas court should have dismissed the petition because it is successive to the petitioner's earlier habeas challenge to the competence of Perry and, therefore, constitutes an abuse of the writ; and (2) the habeas court had no authority to provide relief because the thirty day filing period for applications for sentence review under § 51-195 implicates the sentence review division's subject matter jurisdiction.

The petitioner asks us either to reject the commissioner's appeal on jurisdictional grounds or to affirm, on its merits, the judgment of the habeas court. As a threshold matter, he alleges that this court should not consider the commissioner's claim that the petitioner abused the writ by filing successive petitions. That issue, according to the petitioner, is foreclosed from appellate review because it was not one of the issues that the commissioner raised in the habeas court in his motion for certification to appeal. We disagree with this threshold contention, but affirm the judgment of the habeas court on its merits.

I

We first address the petitioner's threshold question of whether the commissioner can raise an appellate claim of abuse of the writ, even though the commissioner did not include that claim in the request for certification to appeal that was granted by the habeas court. The petitioner claims that the commissioner cannot now raise any issue not properly certified under § 52-470 (b).

We disagree with the petitioner's claim for two reasons. First, it finds no support in the text or the legislative history of § 52-470 (b). Second, it is inconsistent

[6] Although the commissioner's brief presents the second question as two separate issues, we analyze it as a single legal issue.

with our habeas corpus jurisprudence and our prior interpretations of the statute.

The certification requirement contained in § 52-470 (b) provides that no appeal may be taken from the habeas court unless that court first certifies "that a question is involved in the decision which ought to be reviewed . . . ." The statute was enacted in order "to reduce successive frivolous appeals in criminal matters and hasten ultimate justice without repetitive [appeals]" to this court. 7 S. Proc., Pt. 5, 1957 Sess., p. 2936, remarks of Senator John H. Filer. The issue before us is the proper construction of the term "question" in light of this legislative purpose. Neither the text of the statute nor its avowed legislative purpose sheds significant light on this issue.

Our recent habeas corpus jurisprudence has construed § 52-470 (b) narrowly so as to preserve the commitment to justice that the writ of habeas corpus embodies. We have stated that, "the principal purpose of the writ of habeas corpus is to serve as a bulwark against convictions that violate fundamental fairness." (Internal quotation marks omitted.) *Lozada* v. *Warden*, 223 Conn. 834, 840, 613 A.2d 818 (1992); see also *Bunkley* v. *Commissioner of Correction*, 222 Conn. 444, 460–61, 610 A.2d 598 (1992). In *Simms* v. *Warden*, 230 Conn. 608, 614–15, 646 A.2d 126 (1994), we held that the statute did not impose a jurisdictional constraint on appellate review but was designed only to limit the scope of such review. As we noted in that case, "when the legislature enacted § 52-470 (b), it limited a statutory right to appeal that had existed, unconditionally, since 1882." Id., 614. Presumably, the legislature crafted that limitation with due respect for "the significant role of the writ of habeas corpus in our jurisprudence . . . and the strong presumption in favor of appellate jurisdiction" existing under our current law. (Citation omitted.) Id., 614–15.

Only last year, in *Iovieno* v. *Commissioner of Correction*, 242 Conn. 689, 696–97, 699 A.2d 1003 (1997), we reiterate this interpretation of § 52-470 (b).

We have construed § 52-470 (b) to limit the scope of our review in the face of a *denial* of certification by the habeas court. See *Copas* v. *Commissioner of Correction*, 234 Conn. 139, 150, 662 A.2d 718 (1995) ("if either the petitioner or the respondent is denied a timely request for certification to appeal from a habeas court's judgment, such review may subsequently be obtained only if the appellant can demonstrate that the denial constituted an abuse of discretion"). We have not specifically addressed, however, a limitation that possibly might flow from the terms of the *grant* of certification.[7] We are persuaded that we should not infer such a limitation from the language of the statute. Although in this case the terms of the grant of certification clearly did not include the issue of abuse of the writ, in other cases the terms of the grant might be ambiguous. Close linguistic parsing of such texts would clutter habeas appeals for no good purpose. Furthermore, appellate scrutiny of habeas proceedings might bring to light new issues whose reviewability should not turn on the terms of the grant of certification. In light of the considerations adduced in *Simms* v. *Warden*, supra, 208 Conn. 614–15, and related habeas corpus cases, we conclude that, at least in the absence of demonstrable prejudice, the legislature did not intend the terms of the habeas court's grant of certification to be a limitation on the specific issues subject to appellate review.

In this respect, the habeas court's certification to appeal under § 52-470 (b) differs from a petition for certification to appeal to this court. See Practice Book

---

[7] This case does not present a question of mixed certification, in which a habeas court expressly grants permission to appeal with regard to some, but not all, of the issues on which certification was requested.

(1998 Rev.) §§ 84-1 through 84-6, formerly §§ 4126 through 4131. If a party appeals to this court in a petition for certification, we "will ordinarily consider only those questions squarely raised" in that petition. Practice Book (1998 Rev.) § 84-5 (a) (1), formerly § 4130; but cf. *Nardini* v. *Manson*, 207 Conn. 118, 119, 540 A.2d 69 (1988) (addressing due process claim beyond scope of certified ineffective assistance of counsel claim because proper analysis of certified issue required consideration of due process argument).

By contrast, once a party has received the habeas court's certification to appeal under § 52-470 (b), that party still must file a preliminary statement of the issues on appeal. Practice Book (1998 Rev.) § 63-4, formerly § 4013. The commissioner's preliminary statement of the issue on appeal was broad. As stated above, it asked: "Whether the habeas court erred in granting the petition for writ of habeas corpus?"

"Whenever the failure to identify an issue in a preliminary statement of issues prejudices an opposing party, the court may refuse to consider such issue." Practice Book (1998 Rev.) § 63-4 (a) (1). The record in this case demonstrates conclusively that the commissioner's failure to identify explicitly the abuse of the writ claim in his statement of the issues did not prejudice the petitioner. The petitioner had notice of this claim because it was one of the issues previously litigated and decided in the commissioner's motion to dismiss and motion for summary judgment, and he had an opportunity to respond to this argument in his appellate brief. Accordingly, we reject the petitioner's threshold challenge to the scope of this appeal and will consider the merits of the commissioner's argument that the petitioner abused the writ in this case by filing a new claim of ineffective assistance of counsel after rejection of a similar claim against another trial attorney.

## II

We now turn to the merits of the commissioner's claim that the habeas court was required to dismiss this petition under the abuse of the writ doctrine.[8] We conclude that the habeas court did not abuse its discretion in declining to dismiss this petition.

Prior to trial in the habeas court, the commissioner moved to dismiss the petition and for summary judgment alleging that the petitioner had abused the writ of habeas corpus with successive petitions, or, in the alternative, that the petitioner had defaulted his claim by failing to raise it in a prior habeas corpus petition. The habeas court denied these motions.

In this court, the commissioner argues that: (1) the present petition alleging that Leary rendered ineffective assistance of counsel at sentencing raised the same "ground" as the previous petition claiming that Perry had rendered ineffective representation at trial; and (2) because the present petition was successive, the habeas court abused its discretion in declining to dismiss it under Practice Book (1998 Rev.) § 23-29 (3), formerly § 529H (3).[9] We are not persuaded.

## A

We first address the question of whether the present habeas petition, which alleges ineffective assistance of counsel at sentencing, raises the "same ground" as the

---

[8] We do not assume that a successive petition necessarily constitutes abuse of the writ. Because we decide herein that the present petition is not successive, we need not delineate how these two habeas doctrines differ or overlap.

[9] Practice Book (1998 Rev.) § 23-29, formerly § 529H, provides in relevant part: "The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that . . .

"(3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or proffer new evidence not reasonably available at the time of the prior petition . . . ."

petitioner's prior habeas claim of ineffective assistance of counsel at trial. We conclude that the two petitions do not raise the "same ground" within the meaning of Practice Book (1998 Rev.) § 23-29 (3).

In its memorandum of decision, the habeas court, reiterating its conclusion from its denial of the commissioner's motion, concluded that the two petitions raised different legal grounds. The court based its decision on the definition of "ground" set out in this court's decision in *Negron* v. *Warden*, 180 Conn. 153, 158, 429 A.2d 841 (1980), and on the presumption that a petitioner is entitled to present evidence in support of his or her claims. *Mercer* v. *Commissioner of Correction*, 230 Conn. 88, 93, 644 A.2d 340 (1994).

The commissioner claims that the habeas court's conclusion was improper. He argues that the present petition and the prior petition raised the same ground because both alleged ineffective assistance of counsel in the same criminal proceedings. We disagree.

A "ground" is a " 'sufficient legal basis for granting the relief sought.' " *Negron* v. *Warden*, supra, 180 Conn. 158. Identical grounds may be proven by different factual allegations, supported by different legal arguments or articulated in different language. Id.; see *Sanders* v. *United States*, 373 U.S. 1, 16, 83 S. Ct. 1068, 10 L. Ed. 2d 148 (1963). They raise, however, the same generic legal basis for the same relief. Put differently, two grounds are not identical if they seek different relief.[10]

In this case, the present petition alleged ineffective assistance of counsel at sentence review. The petitioner seeks relief in the form of an opportunity to apply belatedly for sentence review. By contrast, the previous petition claimed ineffective assistance of counsel at trial

---

[10] We do not mean to imply, however, that the converse of this statement necessarily is true. For example, two petitions that both seek a new trial may not raise identical grounds if the first alleges ineffective assistance of counsel, and the second claims juror misconduct.

for reasons unrelated to sentence review. In that petition, the petitioner sought a new trial. Accordingly, the two petitions do not present the same ground for the purpose of Practice Book (1998 Rev.) § 23-29 (3).

B

Having determined that the present petition and the prior petition do not present the same ground within the meaning of Practice Book (1998 Rev.) § 23-29 (3), we are not required to determine whether the habeas court abused its discretion in declining to dismiss the present petition. We conclude, nonetheless, that, even if the two grounds had been identical, the habeas court would have acted within its discretion in declining to dismiss the present petition.

We note first that the language of the provision at issue is discretionary rather than mandatory. Practice Book (1998 Rev.) § 23-29 (3) provides in relevant part: "The judicial authority *may*, at any time, upon its own motion or upon motion of the [commissioner], dismiss the petition, or any count thereof, if it determines that . . . the petition presents the same ground as a prior petition previously denied and fails to state new facts or proffer new evidence not reasonably available at the time of the prior petition . . . ." (Emphasis added.)[11]

---

[11] The language of this provision illustrates the common-law principle that the doctrines of res judicata and collateral estoppel, claim preclusion and issue preclusion, respectively, are ordinarily inapplicable in the habeas corpus context. "Conventional notions of finality of litigation have no place where life or liberty is at stake and the infringement of constitutional rights is alleged. . . . The inapplicability of res judicata to habeas, then, is inherent in the very role and function of the writ." *Sanders* v. *United States*, supra, 373 U.S. 8. This court is not bound by constraints on federal court jurisdiction over federally filed writs of habeas corpus. See The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) (to be codified in various sections of 28 U.S.C.) (amending 28 U.S.C. § 2253 to restrict prisoners' access to federal habeas). Those constraints reflect congressional views of federalism and comity that are not pertinent to the exercise of state court jurisdiction over state habeas corpus cases. See C. Baird, "The Habeas Corpus Revolution: A New Role for State Courts?,"

A literal reading of the language of the Practice Book provision is reaffirmed by the nature of the abuse of the writ doctrine. "Decisions concerning abuse of the writ are addressed to the sound discretion of the trial court. Theirs is the major responsibility for the just and sound administration of . . . collateral remedies, and theirs must be the judgment as to whether a second or successive application shall be denied without consideration of the merits." (Internal quotation marks omitted.) *Sherbo* v. *Manson,* 21 Conn. App. 172, 175, 572 A.2d 378, cert. denied, 215 Conn. 808, 809, 576 A.2d 539, 540 (1990).

In this case, we conclude that, even if the two petitions had raised the same ground, the habeas court would have acted within its discretion in declining to dismiss the second petition. Among other facts of record is the fact that, before the prior petition was dismissed, the commissioner had made an abortive attempt to consolidate the two petitions. The habeas court reasonably could have concluded that the present petition had not been consolidated with the prior petition as a result of an administrative oversight. Accordingly, we affirm the judgment of the habeas court on this procedural issue.

### III

We turn, finally, to the commissioner's substantive claim regarding the nature of the thirty day time limit in the statute providing for sentence review. General Statutes § 51-195. The commissioner argues that the thirty day time limit implicates the sentence review division's subject matter jurisdiction, and that the habeas court, therefore, lacked authority to restore a

27 St. Mary's L.J. 297, 337–51 (1996). Further, unlike the federal courts, this court exercises supervisory authority over the administration of justice in the state court system. See, e.g., *State* v. *Brown,* 235 Conn. 502, 528, 668 A.2d 1288 (1995).

petitioner's right to sentence review after the passage of the thirty day deadline. We disagree.

To provide a context for our discussion, we first examine the purpose of sentence review, and the nature of the deprivation occasioned by ineffective assistance of counsel at sentence review. As we discussed at length in *State* v. *Nardini*, 187 Conn. 109, 118–19, 445 A.2d 304 (1982), the legislature passed the Sentence Review Act in 1957; Public Acts 1957, No. 436; to reduce the disparity in sentences meted out by different judges and, thereby, to quell prisoner discontent. "The purpose and effect of the Sentence Review Act is to afford a convicted person a limited appeal for reconsideration of his [or her] sentence. . . . It thus gives him [or her] an optional de novo hearing as to the punishment to be imposed." (Citations omitted.) Id., 121–22.

Under article first, § 8, of the Connecticut constitution and the sixth and fourteenth amendments to the United States constitution, the petitioner had a right to the effective assistance of counsel with respect to access to sentence review. "[T]he sentencing process is a critical stage of a criminal trial." *Consiglio* v. *Warden*, 153 Conn. 673, 676, 220 A.2d 269 (1966). Accordingly, an indigent criminal defendant has a constitutional right to appointed counsel at sentence review. Id., 676. The right to counsel at sentence review would be meaningless unless it also implied the right to effective assistance of such counsel. See *Lozada* v. *Warden*, supra, 223 Conn. 838–39. It would equally be meaningless if it were not afforded at the time when invocation of sentence review is at issue. The constitutional right to the effective assistance of counsel at sentence review is not diminished by the fact that the right to sentence review, like the right to a direct appeal, derives from statute rather than a constitution. See *Gaines* v. *Manson*, 194 Conn. 510, 515–16, 481 A.2d 1084 (1984).

The commissioner does not contest the habeas court's conclusion that the petitioner was deprived of the effective assistance of counsel at the proper time for access to sentence review. The petitioner's counsel failed to engage him in a meaningful discussion of whether to apply for sentence review. Counsel also failed to file the application for sentence review within the statutory time period. The habeas court, applying the two-pronged test for ineffective assistance of counsel, determined that counsel's performance had: (1) been deficient; and (2) resulted in actual prejudice. See *Bunkley* v. *Commissioner of Correction,* supra, 222 Conn. 445. Specifically, the habeas court noted that if, as in this case, a petitioner is deprived of sentence review because counsel failed to file the papers in a timely fashion, prejudice is established by the absence of access to sentence review. Id., 459 n.16.

The commissioner contends, nonetheless, that the thirty day deadline for filing an application for sentence review is a jurisdictional requirement that cannot be circumvented, even if the petitioner missed the deadline owing to unconstitutionally deficient representation. We reject this argument, both as a matter of statutory construction, and because of the nature of the right at stake.

"The question of whether a statutory time limitation is subject matter jurisdictional is a question of statutory interpretation." *Iovieno* v. *Commissioner of Correction,* supra, 242 Conn. 695; see *Ambroise* v. *William Raveis Real Estate, Inc.,* 226 Conn. 757, 764, 628 A.2d 1303 (1993). "There is no more elementary rule of statutory construction than that the intention which the legislature has expressed must govern. . . . [L]egislative intent is to be determined by reference to the language of the statute, its legislative history and surrounding circumstances, the policy the limitation was intended to implement, and the statute's relationship to existing

legislation and common law principles governing the same general subject matter." (Citations omitted; internal quotation marks omitted.) *Iovieno* v. *Commissioner of Correction*, supra, 695. "In light of the strong presumption in favor of jurisdiction, 'we require a strong showing of a legislative intent to create a time limitation that, in the event of noncompliance, acts as a subject matter jurisdictional bar.'" *Glastonbury Volunteer Ambulance Assn., Inc.* v. *Freedom of Information Commission*, 227 Conn. 848, 854, 633 A.2d 305 (1993).

We begin with the language of the statute. Section 51-195 provides that an individual who is sentenced to three years or more, "*may*, within thirty days from the date such sentence was imposed or if the offender received a suspended sentence with a maximum confinement of three years or more, within thirty days of revocation of such suspended sentence" file for sentence review. (Emphasis added.) The use of the word "may" is "less emphatic than other statutory time limitations that we have held to be subject matter jurisdictional." *Federal Deposit Ins. Corp.* v. *Hillcrest Associates*, 233 Conn. 153, 164, 659 A.2d 138 (1995); see, e.g., *Glastonbury Volunteer Ambulance Assn., Inc.* v. *Freedom of Information Commission*, supra, 227 Conn. 854–56.

The statutory language itself, however, is not determinative of whether the time limitation is jurisdictional. *Federal Deposit Ins. Corp.* v. *Hillcrest Associates*, supra, 233 Conn. 164. We must look also to the legislative history of § 51-195. That history suggests that the legislature imposed the thirty day time limit in order to promote finality in sentencing. When asked to comment on the thirty day time limit, Justice Patrick B. O'Sullivan stated: "We had to put a finality to [the period for sentence review]." Conn. Joint Standing Committee Hearings, Judiciary and Governmental Functions, Pt. 2, 1957 Sess., p. 405. He also remarked that the thirty day

deadline would "remove any doubt as to time." Id., p. 406. We can discern no indication, however, that the legislature intended the deadline to act as an absolute, or jurisdictional bar.

Our conclusion is further reinforced by the nature of the right involved, and by our treatment of analogous deadlines for other types of appeals. We have described sentence review as "a limited appeal for reconsideration of [a defendant's] sentence." *State* v. *Nardini*, supra, 187 Conn. 121. In other cases regarding appellate review, we have noted that interpreting filing deadlines as "an absolute bar to appellate review for petitioners who file outside the limitation period" would constitute a "harsh result." *Iovieno* v. *Commissioner of Correction*, supra, 242 Conn. 700. In *Iovieno*, we held that the ten day time limit in § 52-470 (b) does not deprive the habeas court of subject matter jurisdiction to entertain an untimely request for certification to appeal. Id., 697–700. Similarly, in *Banks* v. *Thomas*, 241 Conn. 569, 581–82, 698 A.2d 268 (1997), we concluded that a plaintiff's failure to file a writ of error within the two week time limitation set out in General Statutes § 52-273 does not require this court to dismiss the writ for lack of subject matter jurisdiction.

As a matter of policy, it would be illogical to deny the right to sentence review to a petitioner who has missed the statutory thirty day filing deadline as a result of unconstitutionally deficient representation. Such a result could not be reconciled with the unchallenged bedrock proposition of constitutional law that "the sentencing process is a critical stage of a criminal trial." *Consiglio* v. *Warden*, supra, 153 Conn. 676.

In light of these statutory, jurisprudential and policy considerations, we conclude that the thirty day time limit of § 51-195 does not act as a jurisdictional bar to the sentence review division's consideration of an

application for sentence review that was delayed by reason of ineffective assistance of counsel. The habeas court, therefore, had the authority to consider what remedy was appropriate in light of its finding of a constitutional deprivation.

The form of remedial relief chosen by the habeas court similarly cannot be faulted. Section § 52-470 (a) empowers the habeas court to dispose of cases "as law and justice require." A habeas court must fashion a remedy appropriate to the constitutional right it seeks to vindicate. *Gaines* v. *Manson*, supra, 194 Conn. 516–18. "Proof of unconstitutional impairment of the right to appeal empowers a court to fashion an order conditionally discharging the petitioner or otherwise fashioning the appropriate relief, short of immediate release, to which the petitioner may be entitled." Id., 517–18; see also *State* v. *Phidd*, 42 Conn. App. 17, 27–29, 681 A.2d 310, cert. denied, 238 Conn. 907, 679 A.2d 2 (1996), cert. denied, 520 U.S. 1108, 117 S. Ct. 1115, 137 L. Ed. 2d 315 (1997) (concluding that habeas court has jurisdiction to reinstate defendant's appellate rights). Only a restoration of the petitioner's right to apply for sentence review could provide an appropriate remedy for the petitioner in the circumstances of this case.

The judgment is affirmed.

In this opinion the other justices concurred.