[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Luis Nazario, the petitioner, has filed a petition for a writ of habeas corpus with the court. In an amended petition filed on December 19, 1996, the petitioner makes two claims. First, the petitioner claims his confinement to the respondent commissioner of correction is a violation of his sixth and fourteenth amendments to the United States constitution because trial counsel provided ineffective assistance of counsel sentencing for not arguing and presenting evidence regarding the petitioner's history of alcohol abuse and his psychological condition. Second, the petitioner claims he was denied his due process of law in violation of thefourteenth amendment to the United States constitution because the trial court failed to advise the petitioner that he had the right to have his sentence reviewed by the sentence review division.
The presentence investigation report indicates that at approximately 1 a.m. on April 18, 1991, the petitioner and another perpetrator attempted to rob the victim of money when the petitioner's gun accidentally went off and the victim was shot and killed. Thereafter, the petitioner was arrested for another offense and when questioned by the police confessed to committing the attempted robbery and shooting. (Petitioner's Exhibit 3.) CT Page 1893
On June 5, 1992, the petitioner entered a nolo contendere plea to a charge of felony murder in violation of General Statutes § 53a-54(c).[1] After the plea was entered, the court (Damiani J.) found the petitioner guilty. The court advised the petitioner that the state was recommending a sentence of forty-five years. The court also advised the petitioner that he intended to impose a sentence of thirty-five years, but that the petitioner's trial counsel had the right to argue for a lesser sentence at the sentencing hearing. At the sentencing hearing on July 24, 1992, the court sentenced the petitioner to thirty-five years imprisonment. The petitioner is currently in the custody of the respondent.
 I
The petitioner first argues that trial counsel failed to present evidence and argue for a mitigation of the sentence due to the petitioner's history of alcohol abuse and psychological condition.
The court makes the following findings of fact. Trial counsel was experienced in criminal law when he represented the petitioner, having practiced both as a public defender and a private criminal defense attorney. Trial counsel was aware of the petitioner's alcohol problem and focused on this issue throughout his representation of the petitioner. In this regard, trial counsel arranged for the petitioner to meet with a psychiatrist. The petitioner, however, refused to speak with the doctor because the meeting would not have been kept confidential. While trial counsel did not have a specific recollection of reviewing the presentence investigation report with the petitioner at the time of the habeas hearing, it was his general practice to review the report with his clients. Trial counsel knew that the petitioner was estranged from his family, but made an attempt to have family members testify at the sentencing hearing, to no avail. Trial counsel focused on the petitioner's history of alcohol abuse during his argument to the court during the sentencing hearing. Trial counsel created a picture of the petitioner as a victim of his own alcohol abuse and also of a father who abused alcohol and his children before abandoning the family when the petitioner was thirteen years old. Trial counsel urged the sentencing court to consider the petitioner's alcoholism and the role it played in all of the petitioner's criminal activities. Information in the presentence investigation report buttressed trial counsel's argument. The CT Page 1894 court commented on the petitioner's abuse of alcohol in his final comments before issuing the sentence.
In support of his claim, the petitioner presented at the habeas hearing the testimony and report of C. Scott Grove, a psychiatrist, who diagnosed the petitioner in June 1998 as having alcohol dependence. Grove met with the petitioner on February 26, 1998 for six hours, spoke with the petitioner's mother by telephone on June 13, 1998 for thirty minutes and reviewed documents related to this matter. Grove testified that the petitioner met all the criteria of alcohol dependence and that the petitioner's alcoholism, depression and despair impaired the petitioner's ability to function as a law-abiding citizen at the time of the crime.
"[T]he sentencing process is a critical stage of a criminal trial." James L. v. Commissioner of Correction, 245 Conn. 132,144 (1998), quoting Consiglio v. Warden, 153 Conn. 673, 676,220 A.2d 269 (1966). "[A] criminal defendant has a constitutional right to the effective assistance of counsel during the sentencing stage . . ." State v. Patterson, 236 Conn. 561, 573,674 A.2d 416 (1996); State v. Thompson, 197 Conn. 67, 77,495 A.2d 1054 (1985). The petitioner's right to the effective assistance of counsel is assured by the sixth andfourteenth amendments to the United States constitution and by article first, § 8, of the Connecticut constitution. Copas v.Commissioner of Correction, 234 Conn. 139, 153, 662 A.2d 718
(1995). To establish that his trial counsel was ineffective, the petitioner must prove both that his counsel's performance was deficient and that the petitioner was actually prejudiced by such deficient performance. Strickland v. Washington, 466 U.S. 668,687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): Bunkley v.Commissioner of Correction, 222 Conn. 444, 445, 610 A.2d 598
(1992).
To prove that his counsel's performance was deficient, the petitioner must demonstrate that trial counsel's representation fell below an objective standard of reasonableness. Aillon v.Meachum, 211 Conn. 352, 357, 559 A.2d 206 (1989). Competent representation is not representation with no error. "The constitution guarantees only a fair trial and a competent attorney; it does not ensure that every conceivable constitutional claim will be recognized and raised." (Internal quotation marks omitted.) Jeffrey v. Commissioner of Correction,36 Conn. App. 216, 219, 650 A.2d 602 (1994). "Defense counsel's CT Page 1895 performance must be reasonably competent or within the range of competence displayed by lawyers with ordinary training and skill in the criminal law." (Internal quotation marks omitted.) Johnsonv. Commissioner of Correction, 36 Conn. App. 695, 703,652 A.2d 1050, cert. denied, 233 Conn. 912, 659 A.2d 183 (1995).
With respect to the prejudice component of the Strickland test, the petitioner must demonstrate that "counsel's errors were so serious as to deprive the [petitioner] of a fair trial, a trial whose result is reliable." Strickland v. Washington, supra,466 U.S. 687. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id., 691. Rather, a successful petitioner is required to demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Copas v. Commissioner ofCorrection, supra, 234 Conn. 147. "The test simply stated is that the petitioner must demonstrate that there exists a reasonable probability that, but for counsel's unprofessional errors, the . . . [sentence] would have been different." (Citation omitted: internal quotation marks omitted.) Davis v. Warden,32 Conn. App. 296, 308, 629 A.2d 440, cert. denied, 227 Conn. 924,632 A.2d 701 (1993).
The court finds that the petitioner has failed to prove that trial counsel's actions on his behalf fell below an objective standard of reasonableness. As mentioned above, trial counsel attempted to provide psychiatric evidence, but was rebuffed by the petitioner who refused to meet with the psychiatrist. Trial counsel attempted to contact estranged family members, but they were not available to assist the petitioner. A review of the sentencing transcript reveals that trial counsel presented a troubled man who had had a lifelong problem with alcohol. The petitioner has failed to establish that these actions by trial counsel were deficient. The court finds trial counsel's efforts to mitigate the sentence to be imposed on the petitioner were reasonable and within the range of competence displayed by lawyers with ordinary training and skill in the criminal law.
The court makes the additional finding that even if trial counsel's actions were deficient, the petitioner was not prejudiced by them. The court finds that, even if trial counsel had been able to convince the petitioner to meet with a psychiatrist who would have provided the opinion offered by Grove CT Page 1896 at the habeas hearing, it is reasonably probable that the sentence would have been the same. A review of the sentencing transcript reveals that the court was impacted by trial counsel's focus on the petitioner's alcoholism. The court stated that while forty-five years is not excessive, he would impose a sentence of thirty-five years. since a jury might have accepted the argument of intoxication and found the petitioner could not have formed the necessary intent to commit the crime.
Thus, the court finds the petitioner received effective assistance of counsel at sentencing as required by our state and federal constitutions.
 II
The petitioner also claims in his amended petition that his due process rights were violated because the sentencing court failed to advise him of his right to sentence review.
A claim of a failure by the trial court generally is an issue for a direct appeal. State v. Phidd, 42 Conn. App. 17, 32-33,681 A.2d 310, cert. denied, 238 Conn. 907. 679 A.2d 2 (1996), cert. denied, 117 S.Ct. 1115. 137 L.Ed.2d 315 (1997). Nevertheless, the court will review this claim, for it appears to involve the petitioner's constitutional right to the effective assistance of counsel. The petitioner's examination of trial counsel during the habeas hearing was, in part, directed to trial counsel's failure to discuss the right to sentence review with the petitioner and the failure to file the sentence review application. Additionally, our Supreme Court recently held that a failure by trial counsel to inform his client of his right to sentence review constitutes ineffective assistance of counsel. James L. v.Commissioner of Correction, supra, 245 Conn. 144.
Trial counsel testified at the habeas hearing that he did not recollect discussing the sentence review with the petitioner nor helping him with the application. Trial counsel also testified that he was not sure of the procedure involved for a sentence review. A review of the transcript of the sentencing hearing does not indicate that the court or the clerk gave the petitioner the sentence review application at the conclusion of the sentencing and no evidence was produced to rebut the petitioner's contention that he never received the requisite sentence review information.
"Under Connecticut criminal procedure, after the imposition CT Page 1897 of sentence by the trial court, one who has been sentenced to imprisonment for [three year's] or more may apply for a review of that sentence by the review division. General Statutes [§]51-195. Upon such an application, the review division, after a hearing, is empowered to affirm, reduce, or increase the sentence imposed by the trial court." Consiglio v. Warden, supra,153 Conn. 676. The defendant is entitled to written notification on the day of sentencing of his right to file within thirty days a petition for sentence review. State v. Anderson, 220 Conn. 400,404, 599 A.2d 738 (1991). "Under article first, § 8, of the Connecticut constitution and the sixth and fourteenth amendments to the United States constitution. the petitioner had a right to the effective assistance of counsel with respect to access to sentence review." James L. v. Commissioner of Correction, supra,245 Conn. 144. Applying the first prong of the Strickland test to the facts of this case, the court finds that trial counsel was ineffective for failing to provide the petitioner with notice of his statutory right to sentence review.
The court must now decide if such deficiency resulted in actual prejudice to the petitioner. Strickland v. Washington,supra, 466 U.S. 687. "The purpose and effect of the Sentence Review Act is to afford a convicted person a limited appeal for reconsideration of his [or her] sentence . . . It thus give him [or her] an optional de novo hearing as to the punishment to be imposed." (Internal quotation marks omitted.) James L. v.Commissioner of Correction, supra, 245 Conn. 144. "A hearing before the review division, like the original imposition of sentence after ascertainment of guilt, constitutes a critical stage of the sentencing procedure." Consiglio v. Warden, supra,153 Conn. 677. If "counsel failed to file the papers in a timely fashion, prejudice is established by the absence of access to sentence review." James L. v. Commissioner of Correction, supra,245 Conn. 145. Trial counsel's failure to provide information to the petitioner regarding sentence review has prejudiced the petitioner by depriving him of his right to have his sentence reconsidered.
Thus, the court finds the petitioner was deprived of his constitutional right to the effective assistance of counsel as it pertains to access to sentence review.
A defendant who has not filed a timely application for sentence review through no fault of his own has been allowed to file a late application. See James L. v. Commissioner ofCT Page 1898Correction, supra, 245 Conn. 147-48 (habeas court decision finding trial counsel ineffective and restoring the petitioner's right to apply affirmed); State v. Anderson, supra, 220 Conn. 407
(right to sentence review ordered in a direct appeal of conviction); State v. Lytwyn, 27 Conn. Sup. 78, 80-81, 230 A.2d 40
(1967) (sentence review division reviewed merits of the application filed late due to clerk error).
Thus, the court denies the request to vacate the sentence and grants the request to allow the petitioner to apply to the sentence review division. The petitioner may file such application within thirty days from the date of this decision.
ZARELLA, J.