[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner pleaded guilty to two counts of Possession with intent to sell in violations of Conn. Gen. Stats. § 21c-277a; one count of possession of marijuana in violation of Conn. Gen. Stats. § 21a-279c; one count of assault in the third degree in violation of Conn. Gen. Stats. § 53a-6 and one count of resisting arrest in violation of Conn. Gen. Stats § 53-167a.
Pursuant to a plea bargain with the right to argue for less, the petitioner was sentenced to 12 years suspended after eight with three years probation.
The petitioner in his amended petitioner claims ineffective assistance of counsel particularly with respect to his right to file for sentence review.
Under the Strickland Test a petitioner must show (1) that counsel's performance was deficient and (2) that deficient performance prejudiced the defense (See Strickland v. Washington, 466 U.S. 668, 687,104 S. CT 2052, 2064 80 L.Ed.2d 674 (1984).
Strickland only required that counsel's performance did not fall below the reasonable competence of a lawyer with ordinary skill and training in criminal law.
To establish prejudice from the deficient performance the petitioner must show but for counsel's errors the result in the case would have been CT Page 9889 different i.e., reasonable doubt of guilt.
As to the first prong of Stickland contrary to the testimony of the petitioner Attorney Matthew Maddox (Maddox) his attorney did not assure the petitioner he would only receive a sentence less than four years and that counsel would ask for his 18 months or that the petitioner would be out in 18 months. The claim that the petitioner would not have paid a fee of $9,800.00 to Maddox if he knew he was going to receive the sentence bargained for is likewise without merit.
The respondent argues more credible evidence is that Maddox never promised or guaranteed the petitioner a sentence of three to four years. Maddox testified the petitioner knew and understood he bargained for 10 years incarceration of a sentence of 12 years and after counsel's argument he received less. The petitioner's other claim that he was misled to plead guilty are also without merit.
 [A] guilty pleas represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty pleas. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann [v. Richardson, 397 U.S. 759, 90 S.Ct. 114 (1970)]
The court concludes that counsel's performance was not ineffective, in fact the contrary.
In the respondent's Post Trial Brief at page 11, the respondent states; "On the date of sentencing due to Attorney Maddox' argument on behalf of Mr. Messam and in spite of the State's request for the Court to impose the agreed recommended sentence, the petitioner was sentenced to a term often (10) years execution suspended after eight (8) and three (3) years probation. In fact, at sentencing, Judge Comerford commented on Attorney Maddox' ability to successfully argue for a lesser sentence on behalf of his client. `It never ceases to amaze me now Mr. Maddox has the ability to make a credible argument out of very little. It's certainly a compliment, and it's intended to be a compliment. It goes to his advocacy skill. He is a wonderful lawyer and he seems to be able to always make an argument that is appealing to the Court, sometimes out of very little. And certainly this is the case.'" (Respondent's Exhibit A, p. 22) CT Page 9890
While the petitioner may have been hoping for a sentence in the range of three to four years, that was based on his own desires and not on any representations made by either his attorney or the Court.
At the time of sentencing Mr. Messam was on probation for similar crimes involving narcotics. He was a convicted felon with an extensive criminal record involving convictions for narcotics violations and crimes of violence. (See Respondent's Exhibit A)"
The other claims made by the petitioner are that counsel's failure to properly advise petitioner of his right to sentence review constituted ineffective assistance of counsel; and that counsel's failure to file for sentence review resulted in actual prejudice.
The petitioner correctly argues that under James L v. Commissioner ofCorrections, 245 Conn. 132, failure to advise and or file an application for sentence review in a timely fashion would constitute prejudice and ineffective assistance of counsel. However, in this case James L is inapplicable. James L dealt with time delay not ineligibility. Conn. Gen. Stats. § 51-195 provides in relevant part:
 Any person sentenced on one or more counts of an information to a term of imprisonment for which the total sentence of all such counts amounts to confinement for three years or more, may, within thirty days from the date such sentence was imposed . . . except in any case in which a different sentence could not have been imposed or in any case in which the sentence or commitment imposed resulted from the court's acceptance of a plea agreement or in any case in which the sentence imposed was for a lesser term than was proposed in a plea agreement . . . (emphasis added)
The respondent argues that under the terms of the statute the petitioner was not eligible for sentence review.
Maddox testified he discussed and advised the petitioner that since there was a plea agreement he would not be eligible for sentence review, he did; however, advise his client, the petitioner, that he would be eligible to file a motion for sentence modification and that after serving a period of time he would file such a motion.
Maddox made it clear that the petitioner understood his rights pertaining to sentence review and modification. CT Page 9891
Maddox adamantly testified that he sent the documents to the petitioner for sentence review upon the insistence of his client and not because he felt that he was eligible.
The petitioner called Krandra Johnson, his girlfriend, to testify about the discussions that Attorney Maddox had with the petitioner on the day of sentencing before Judge Comerford. Ms. Johnson testified that she overheard two conversations between them.[1]
Maddox testified that Ms. Johnson was not even in court the day of the sentencing. The court does not find credible the testimony of Ms. Johnson in support of the petitioner's position. The petitioner seeks a new trial, to reduce the sentence to a period of four years or allow the petitioner permission to file late an application for sentence review.
The court concludes that the claims for relief should be denied. Judgment may enter in favor of the respondent.
The Court,
Frank S. Meadow, Judge Trial Referee