[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON RESPONDENT'S MOTION FOR RECONSIDERATION
On October 9, 2002 this Court denied the Respondent's Motion to Dismiss dated September 19, 2002. The Motion to Dismiss was to dismiss Counts One and Two of the Petition.
The Court has reviewed the Motion for Reconsideration and grants the Motion to Reargue the Decision, this being done by a brief filed by the Respondent. Petitioner chose not to file a brief. The results of the Court's reconsideration are as follows:
1. Section 23-29 of the CPB provides for dismissal of the petition or any count thereof. In Count One of the Second Amended Petition the Petitioner states in paragraph 8f that the Petitioner's trial attorney ". . . failed to move for Judge Miano's removal from the trial of the case after Judge Miano's having found probable cause for the petitioner's arrest, after Judge Miano's having presided over the hearing in probable cause pursuant to CGS ¶ 54-56a, and after Judge Miano's having presided over and actively participating in plea negotiations;" This allegation is different from prior habeas decisions. Since the Court cannot dismiss one paragraph, of a count as stated above, these allegations make it improper to dismiss Count One.[1]
As for Paragraph 8g of Count One, that Petitioner's trial counsel "failed to correct inaccurate or mistaken information relied upon by the court in sentencing the defendant", this was decided in State v.Francis, 69 Conn. App. 378 dated April 23, 2002 in which the Appellate Court ordered the trial court to dismiss the claim of illegal sentence.
2. As for Count Two, at first blush it would appear that the failure of trial counsel to put forth an affirmative defense of extreme emotional disturbance ("BED") was raised in the prior habeas decided on February 18, 1998 by Judge Corrigan. Judge Corrigan's decision was based upon the testimony of Kenneth Simon, trial counsel whose testimony was cited in CT Page 14509 the habeas decision to the effect that "Simon also considered extreme emotional disturbance and insanity but didn't believe the factual situation which the other eye-witnesses would present would make either defense credible", page 2. On Page 4 after defining extreme emotional disturbance, Judge Corrigan stated: "The petitioner's own testimony removes him from that state. He testified here that he swung the knife only when he was blinded by the juice from the freeze pop and didn't realize the knife had struck the victim until he saw blood on it as he went back to his car." Perhaps, that conclusion would prevent the Petitioner from meeting the second prong of Strickland v. Washington,466 U.S. 668, 686 (1984) that because defense counsel was ineffective the result of the trial probably would have been different. However, first this Court must assess whether or not Attorney Simon was ineffective in regard to the EED. According to the Petitioner, he didn't discover the alleged lack of knowledge of EED until he heard Attorney Simon testify at his prior habeas trial. Even though he had standby counsel at the habeas trial, he was no doubt surprised at Attorney Simon's remarks, and being a layman did not try to take advantage of Attorney Simon's statements at the time of the habeas trial. In that sense, the alleged lack of knowledge by Attorney Simon became apparent only at the habeas trial and can be considered newly discovered evidence.
In any event, the decision on a motion to dismiss is a purely discretionary decision as noted in CPB 23-29. In the case of James L. v.Commissioner of Correction, 245 Conn. 132, 140-141 (1998) ". . . the doctrine of res judicata and collateral estoppel, claimed preclusion and issue preclusion, respectively, are ordinarily inapplicable in the habeas corpus context. Conventional notions of finality of litigation have no place where life or liberty is at stake and the infringement of constitutional rights is alleged." Further, as stated in CGS § 52-470
(a) this Court must "determine the facts and issues of the case, by hearing the testimony and arguments therein," to "inquire fully into the cause of imprisonment" and to "dispose of the case as law and justice require". Based upon these holdings, the Court is exercising its discretion to allow the ineffective assistance of counsel as to the EED defense to be brought up at this habeas trial.
For the above reasons and those expressed in open court on October 9, 2002, the Court reaffirms its decision on the Respondent's Motion to Dismiss and again denies same.[2]
 ___________________ Rittenband, JTR