******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ECKER, J., dissenting. For the reasons cogently explained in the Appellate Court's well reasoned opinion, I conclude that the habeas court had the equitable authority to grant the untimely motion to open and set aside the dismissal of the habeas petition filed by the petitioner, Lascelles A. Clue, on the basis of the allegedly ineffective assistance of the petitioner's habeas counsel. See *Clue* v. *Commissioner of Correction*, 223 Conn. App. 803, 805, 819–20, 309 A.3d 1239 (2024). "[I]n the present case, barring relief from a judgment that was rendered or not timely opened due to the ineffective assistance of habeas counsel on the sole basis that the [four month] statutory period [in General Statutes § 52-212a] has expired would undermine 'the fundamental fairness origins underlying the common-law writ of habeas corpus' and 'the very nature of the statutory right [to habeas counsel] provided by [General Statutes] § 51-296 (a).' " Id., 825, quoting *Kaddah* v. *Commissioner of Correction*, 324 Conn. 548, 563, 153 A.3d 1233 (2017). Moreover, "a rigid rule that, in the absence of proof of fraud, duress, or mutual mistake, the negligence of habeas counsel that rises to the level of constitutional[ly] deficient performance is not a valid basis to open a judgment also would be unduly harsh and, therefore, contrary to general principles of equity." *Clue* v. *Commissioner of Correction*, supra, 831. Because the constitutional, statutory, and common-law rules governing the writ of habeas corpus, otherwise known as the great writ, are distinct from those applicable to other civil actions, "unlike attorney negligence in the traditional civil context, ineffective assistance of counsel is sufficient to invoke the court's equitable authority to open a habeas judgment more than four months after it was rendered." Id.; see, e.g., *Rose* v. *Commissioner of Correction*, 348 Conn. 333, 348, 304 A.3d 431 (2023) ("[a]lthough a petitioner is bound by his counsel's inadvertence, ignorance, or tactical missteps, regardless of

whether counsel is flouting procedural rules or hedging against strategic risks, a petitioner is not bound by the ineffective assistance of his counsel" (internal quotation marks omitted)); *Gilchrist* v. *Commissioner of Correction*, 334 Conn. 548, 555, 223 A.3d 368 (2020) (discussing "the ancient origin and protean nature of the great writ" (internal quotation marks omitted)); *James L.* v. *Commissioner of Correction*, 245 Conn. 132, 142 n.11, 712 A.2d 947 (1998) (recognizing "the common-law principle that the doctrines of res judicata and collateral estoppel, claim preclusion and issue preclusion, respectively, are ordinarily inapplicable in the habeas corpus context" because "[c]onventional notions of finality of litigation have no place [when] life or liberty is at stake and the infringement of constitutional rights is alleged" (internal quotation marks omitted)).

I would affirm the judgment of the Appellate Court reversing the judgment of the habeas court and remanding the case for a new hearing on the petitioner's motion to open the judgment, and, therefore, I respectfully dissent.